---

CAR-FRESHNER CORPORATION and
JULIUS SÄMANN LTD.,

                                   Plaintiffs,

        -v.-                                            5:19-CV-1158
                                                           (GTS/ATB)

SCENTED PROMOTIONS, LLC d/b/a
SCENT USA, et al.,

                                   Defendants.

---

LOUIS ORBACH, ESQ.,  Attorney for the Plaintiffs
BYRON A. BILICKI, ESQ., Attorney for the Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## MEMORANDUM-DECISION AND ORDER

      Presently before this court is defendants' motion to vacate the clerk's entry of default. (Dkt. No. 16).  Plaintiffs Car-Freshner Corporation ("CFC") and Julius Sämann Ltd. ("JSL") brought this action on September 18, 2019 by way of a complaint against defendants Scented Promotions, LLC d/b/a Scent USA ("Scented Promotions"), Paulina Slusarczyk ("Slusarczyk"), and Slawomir M. Warzocha a/k/a Michael Warzocha a/k/a Mike Midas ("Warzocha"). (Complaint ("Compl."); Dkt. No. 1).  Generally, plaintiffs allege trademark infringement and breach of judgment/contract claims in connection with the defendants' marketing and sale of air fresheners.

I. **Background**

   A. **Relevant Facts and History**

   The parties are well acquainted with this court.  In 2002, CFC and JSL commenced a trademark infringement action (the "2002 Action") against Air Fresheners, Inc. d/b/a Scent USA ("AFI"), in the Northern District of New York.  (Compl. ¶ 22).  Plaintiffs alleged AFI's infringement of a tree design mark, as well as certain word marks, including LITTLE TREE, LITTLE TREES, MAGIC TREE, and CAR-FRESHNER.  (*Id.* at ¶ 23).  The 2002 Action was resolved in November 2003, by way of a consent judgment (the "Consent Judgment").  (*Id.* at ¶ 24, Ex. A).

   In 2010, CFC and JSL brought a second action against AFI (the "2010 Action"), alleging breach of the Consent Judgment and further trademark infringement.  (*Id.* at ¶ 28).  Slawomir M. Warzocha was also named as a defendant. (*Id.*).  On August 10, 2012, Chief District Judge Glenn T. Suddaby granted CFC and JSL partial default judgment, with permanent injunctive relief, in the 2010 Action. (*Id.* at ¶ 31). The case proceeded on the issue of damages, until AFI and Warzocha made an offer of judgment pursuant to Fed. R. Civ. P. 68.  (*Id.* at ¶ 34).  CFC and JSL accepted defendants' offer, and judgment was entered by the clerk of this court on January 4, 2013 (the "Judgment").  (*Id.* at ¶¶ 35–36, Ex. B).

   AFI dissolved effective December 2013, almost one year after the Judgment was entered.  (*Id.* at ¶ 41).  However, plaintiffs aver that a separate entity, Scented Promotions, LLC, was formed on December 7, 2012, around the same time the plaintiffs and AFI/Warzocha were contemplating the resolution of the 2010 Action.

(*Id.* at ¶ 42).  Plaintiffs raise several allegations that strongly suggest a successor relationship and continuity of business between AFI and Scented Promotions, which relationship the defendants do not appear to dispute.  (*Id.* at ¶¶ 45–72).

Plaintiffs commenced the instant action on September 18, 2019 against Scented Promotions, Warzocha, and Paulina Slusarczyk, alleging continuing violations of the Consent Judgment and Judgment.  (*Id.* at ¶¶ 124–141).  Plaintiffs also allege separate claims against the defendants relative to their use of "trademarks containing or comprising BLACK ICE" in connection with the marketing and sale of air fresheners. (*Id.* at ¶¶ 75–123).

### B.    Procedural Background

Defendants Scented Promotions, Warzocha, and Susarczyk received the complaint on September 23, 2019, and waived service pursuant to Fed. R. Civ. P. 4(d). (Dkt. Nos. 6–8).  Each defendant's waiver of service was executed by Nevada attorney Jakub Medrala.  (*Id.*).  Pursuant to the waivers, defendants' deadline to answer or otherwise respond to the complaint was set for November 22, 2019.  (*Id.*).

The defendants did not respond or otherwise appear by the deadline.  On November 26, 2019, I issued a text order indicating that the deadline had expired, and directing plaintiffs to request a clerk's entry of default or otherwise file a status report. (Dkt. No. 9).  On December 3, 2019, plaintiffs requested a clerk's entry of default. (Dkt. No. 10).  The clerk of the court entered default on December 5, 2019.  (Dkt. No. 11).

On December 23, 2019, Judge Suddaby directed the plaintiffs to file a motion

for default judgment or provide a status report to the court by January 24, 2020.  (Dkt. No. 15).  On January 20, 2020, defendants moved to vacate the clerk's entry of default.  (Dkt. No. 16).  Four days later, plaintiffs filed a motion for default judgment.  (Dkt. No. 17).

Judge Suddaby stayed the parties' briefings on plaintiffs' motion for default judgment until after defendants' motion to vacate the entry of default is decided.  (Dkt. No 18).  Plaintiffs filed an opposition to defendants' motion to vacate the entry of default (Dkt. No. 19), and defendants were granted leave to file a reply.  (Dkt. Nos. 21, 22).

## II.  <u>Entry of Default</u>

### A.  **Legal Standards**

The court may set aside an entry of default for good cause shown.  *See* Fed. R. Civ. P. 55(c).  "When determining whether there is 'good cause' to vacate entry of default under Fed. R. Civ. P. 55(c), a district court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) prejudice to the non-defaulting party should relief be granted." *John Nagle Co. v. Goldin,* No. 1:16-CV-102 (MAD), 2017 WL 4043936, at *5 (N.D.N.Y. Sept. 12, 2017) (citing *Peoples v. Fisher*, 299 F.R.D. 56, 59 (W.D.N.Y. 2014)).  "[N]o single factor is dispositive."[1] *Id*. (citation omitted).  "Other relevant equitable factors

_____

[1] *But see Amalgamated Life Ins. Co. v. Boatswain*, No. 17-CV-00091, 2018 WL 4921646, at *3 (E.D.N.Y. July 20, 2018) (citing *United Pet Grp., Inc. v. Axon US, Corp.*, No. 13-CV-126, 2013 WL 5592617, at *4–5 (E.D.N.Y. Oct. 10, 2013)) ("a showing of willful default or absence of a meritorious defense *can alone* be sufficient to warrant a denial of a motion to vacate entry of default") (emphasis added).

may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (citations omitted).

## B. Application

### 1. Willfulness

The Second Circuit has interpreted willfulness, in the context of a default, "to refer to conduct that is more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). On the other hand, "[i]n order to establish a finding of willfulness, there is no requirement that the party acted in bad faith, but rather 'it is sufficient that the defendant defaulted deliberately.'" *BMO Harris Bank N.A. v. Mobius Business Solutions, LLC,* 2018 WL 3862682, at *2 (quoting *Murray Eng'g, P.C. v. Windermere Props. LLC*, No. 12-CV-0052, 2013 WL 1809637, at *4 (S.D.N.Y. Apr. 30, 2013) (citation omitted)); *see also Simmons v. Sea Gate Ass'n*, No.

---

The Second Circuit has emphasized that whether a defendant's default is "willful" is the most important factor that a district court must consider on a motion to vacate a default judgment pursuant to Rule 60(b)(1). *See Jaramillo v. Vega,* 675 F. App'x 76 (2d Cir. 2017) ("A court need not consider all three criteria, however, because its determination that the default was willful is sufficient to support the denial of a motion to vacate.") (citation omitted); *De Curtis v. Ferrandina,* 529 F. App'x 85, 86 (2d Cir. 2013) ("Of [the] factors, willfulness carries the most weight."). The court applies the same set of factors in deciding motions under Rule 55(c) and Rule 60(b), however those factors are to be "applied more rigorously in the case of default judgments and more leniently in addressing entries of default." *BMO Harris Bank N.A. v. Mobius Business Solutions, LLC,* No. 2018 WL 3862682 (BKS/DEP), 2018 WL 3862682, at *2 (N.D.N.Y. Aug. 14, 2018) (citation and internal quotations omitted).

It is, at the very least, well settled that the court may properly deny a motion to vacate an entry of default under Rule 55(c) if it is "persuaded that the default was willful and is unpersuaded that the defaulting party has a meritorious defense." *Id.* (citing inter alia *Marziliano v. Heckler,* 728 F. 2d 151, 157 (2d Cir. 1984)).

12-CV-4949, 2013 WL 5774594, at *5 (E.D.N.Y. Oct. 24, 2013) (explaining that, before a finding of willfulness, "a court must be persuaded that the party made a strategic decision and deliberately chose not to appear") (internal quotation marks omitted); *Pennington v. City of Roch.*, No. 13-CV-6304, 2018 WL 3023383, at *8 (W.D.N.Y. June 18, 2018) ("A default is 'willful' when it is deliberate and not brought on by outside factors.") (citation omitted). The court may also find a default to have been willful "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *S.E.C. v. McNulty,* 137 F.3d at 739 (quoting *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243–44 (2d Cir. 1994)).

The record suggests that defendants' default was willful. Defendants do not deny receiving the summons and complaint, nor do they claim that they were unaware of their obligations as defendants in this lawsuit. In support of his motion, Warzocha submitted a sworn declaration indicating that, at the time of the filing of the complaint, he was "preoccupied with and still attending to the affairs and estate of [his] brother, who had died in Poland on August 2, 2019." (Dkt. No. 16-2 at ¶ 3). Warzocha submits that both he and his Nevada attorney made "several" attempts to secure an extension of time to respond to the complaint, as they were in the process of engaging a local attorney. During this time, Warzocha was also communicating offers of settlement to the plaintiffs. (Dkt. No. 16-2 at ¶ 11). Apparently, plaintiffs rejected Warzocha's offer of settlement, and would only agree to a ten-day extension of time to respond.

Warzocha argues that his purported attempts to avoid default by requesting an

extension of time to respond to the complaint demonstrates a lack of willful conduct on his part. The court is persuaded otherwise. Despite the implication that a ten-day extension of time to respond to the complaint was somehow secured by the defendants, the parties failed to communicate such extension to the court, or seek permission for the same. In any event, Warzocha fails to explain why, upon plaintiffs' refusal to grant him any further extension of time to respond, he did not attempt to seek such relief from the court. Warzocha was obviously aware of his duty to participate as a defendant in this litigation, as indicated by his communication with counsel, the filing of a waiver of service, and his direct settlement communications with the plaintiff.[2] Nevertheless, instead of requesting an extension from the court, Warzocha allowed the deadline to expire and failed to take any measure to remedy the default until he retained a New York attorney on January 10, 2020. Moreover, neither Warzocha nor his New York counsel took action until another ten days later.

Equally troubling is Warzocha's consistent pattern of delay in retaining counsel and participating in the various causes of action asserted against him and/or his interests over the past eighteen years. *See* No. 7:02-CV-01576 (TJM/DEP) (N.D.N.Y.) (where Warzocha appeared on behalf of AFI, which was noted to be in default for failing to respond to the complaint for almost three months, despite four extensions of time having previously been granted); No. 7:10-CV-01491 (GTS/DEP) (N.D.N.Y.) (awarding plaintiffs partial default judgment for defendants' failure to

---

[2]Warzocha also appeared before this court to represent AFI's interests in the 2002 Action. *See* No. 7:02-CV-01576 (TJM/DEP) (N.D.N.Y.) (Dkt. No. 13).

appear). Warzocha's previous conduct before this court, including his prior, willful default in the 2010 Action, is probative of my current determination. *See In re Men's Sportswear, Inc.*, 834 F.2d 1134, 1139 (2d Cir. 1987) ("[Defendant] maintains that the bankruptcy and district courts erroneously found [his] default was willful based on the behavior of [defendant] and counsel in the prior license assumption proceeding. We disagree. *The filing of a complaint in a new action does not erase a litigant's past abuse of the judicial system*.")(emphasis added). Considering the above, the court finds that Warzocha's default rose to the level of willful conduct.

The remaining defendants have failed to provide any credible explanation for their default. In his sworn declaration, Warzocha states that his daughter Slusarczyk was pregnant during the time in which she owed a response to the complaint. (Dkt. No. 16-2 at ¶ 4). Absent from his declaration is any indication that Slusarcyzk was experiencing complications or illness resulting from her pregnancy, impeding her ability to participate in the ensuing litigation. Nor has Slusarczyk herself submitted an affidavit to that effect. Instead, counsel merely submits that Slusarczyk did not respond to the complaint because she "understandably [needed] to focus on her health and the health of her unborn child."[3] (Dkt. No. 16-1 at 4). The fact of one's pregnancy, alone, does not constitute a satisfactory reason for declining to participate in pending litigation. *See Standard Chartered Bank v. Red Rock Commodities Ltd.*,

---

[3]"[An attorney's] unsworn statements in a memorandum of law are not evidence." *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 34 (2d Cir. 2012) (citing *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009)).

151 F.R.D. 261, 262 (S.D.N.Y. 1993) (defendant's argument that its default should be excused by the jailing of its president is not convincing) (citing *United States v. Knox,* 79 F. Supp. 714, 715 (E.D. Tenn. 1948) (a mere showing of some alleged hindrance at the time of the default was entered is not sufficient to justify relief)).

Likewise, defendants have offered no reason, much less a valid one, for Scented Promotions failure to respond to the complaint. Without more, the court can only conclude that Slusarczyk and Scented Promotions's conduct was willful and intentional.

### 2.     Meritorious Defense

In the context of default, the Second Circuit has described a meritorious defense as one which, "if proven at trial, would constitute a complete defense." *Lou v. Kim*, No. 12 Civ. 8120, 2015 WL 5580330, at *5 (S.D.N.Y. Sept. 14, 2015) (quoting *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 98 (2d Cir. 1993)); *see also Am. All. Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57, 61 (2d Cir. 1996) (citation omitted) ("A defense is meritorious if it is good at law so as to give the factfinder some determination to make."). The defendant "must, nonetheless, articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a 'serious question' as to the validity of those allegations." *BMO Harris Bank N.A. v. Mobius Business Solutions, LLC*, 2018 WL 3862682 at *3 (quoting *DeCurtis v. Upward Bound Intern., Inc.*, No. 09-CV-5378, 2012 WL 4561127, at *8 (S.D.N.Y. Sept. 27, 2012)).

Defendants raise two defenses in support of their motion to vacate the clerk's

9

entry of default. First, they argue that this court does not exercise personal jurisdiction over defendants with respect to the "BLACK ICE" causes of action. (Dkt. No. 16-1 at 5–7). Second, defendants assert that the alleged judgment violations are fraught with ambiguities and interpretation issues, which must properly be determined by a factfinder. (*Id.* at 7–9).

### a. BLACK ICE Claims - Personal Jurisdiction

Defendants argue that this court lacks personal jurisdiction over them with respect to Counts I-V of the complaint, which allege their infringement of plaintiffs' BLACK ICE mark. (Compl. at ¶¶ 97-123). With respect to Scented Promotions, defendants argue that plaintiffs' contrived internet purchase of the allegedly infringing product, and its delivery to a 'consumer' in New York, is insufficient to establish personal jurisdiction. Defendants further point to the absence of any factual allegations in the complaint demonstrating that Warzocha and Slusarczyk are subject to personal jurisdiction.

Scented Promotions is a Nevada based limited liability company, with no apparent physical presence in New York. (Compl. at ¶ 8). However, on June 3, 2019, the legal manager of plaintiff CFC, Leah Waite-Holland, ordered 500 units of allegedly infringing BLACK ICE merchandise from Scented Promotions's interactive website. (Dkt. No. 19-1 at ¶ 3). The order was directed to be shipped to the home address of another CFC employee, Abbie Brinson Woodruff, in Philadelphia, New York. (*Id.*). After Waite-Holland received various emails from different Scented Promotions representatives confirming her purchase, the merchandise was shipped

and received at Woodruff's home on June 14, 2019. (*Id.* at ¶¶ 4, 6-8).

Plaintiff further asserts that Slusarczyk is the manager of Scented Promotions, a former full-time employee of AFI, and Warzocha's daughter. (Compl. at ¶ 13). Slusarczyk was allegedly "installed as the manager of Scented Promotions for the purpose of circumventing Warzocha's personal liability under the Judgment." (*Id.* at ¶ 15). The complaint identifies Warzocha as the individual defendant named in the Judgment, a former officer of AFI, and Slusarczyk's father. (*Id.* at ¶ 14). There is no allegation in the complaint that Slusarczyk or Warzocha are residents of New York, however plaintiffs allege that Slusarczyk, along with Warzocha, "personally participated in, directed, and controlled all of the activities complained of herein." (*Id.* at ¶ 16).

It is undisputed that "a lack of personal jurisdiction constitutes a meritorious defense" for purposes of vacating an entry of default. *Lou v. Kim*, 2015 WL 5580330, at *6 (citing *Standard Enters, Inc. v. Bag-It, Inc.*, 115 F.R.D. 38, 40 (S.D.N.Y.1987)). In fact, "a court cannot properly enter default judgment where it lacks personal jurisdiction over a defendant." *Prestige Capital Corp. v. Fuber LLC*, No. 16 Civ. 9577, 2017 WL 2558803, at *3 (S.D.N.Y. June 5, 2017) (citation omitted). The court is "not bound to accept plaintiffs' legal conclusion that this court has personal jurisdiction over defendants[,] . . . [and] even in the face of a full default judgment, plaintiffs retain the burden of proving personal jurisdiction[.]" *Golden Ring Int'l, Inc. v. Cullen*, No. 6:18-CV-1244 (DNH), 2019 WL 4015638, at *6 (N.D.N.Y. Aug. 26, 2019) (citation and internal quotations omitted). "Judgments rendered against a

defendant over whom a court lacks personal jurisdiction are void and may later be vacated[.] It therefore preserves judicial economy for the court to assess personal jurisdiction from the outset and thereby avoid rendering a void judgment." *Yao Wu v. BDK DSD*, No. 14-CV-5402, 2015 WL 5664256, at *2 (E.D.N.Y. Aug. 31, 2015), report and recommendation adopted, 2015 WL 5664534 (E.D.N.Y. Sept. 22, 2015).

Plaintiffs maintain that the New York transaction initiated by their employee is sufficient to establish personal jurisdiction over Scented Promotions. In support of their argument, plaintiffs cite to various cases for the proposition that a defendant's sale and shipment of merchandise to an individual employed by the plaintiff may provide the basis for personal jurisdiction. (Plaintiffs' Memorandum of Law at 14-15). In response, defendants argues that this matter is distinct from the cases cited by the plaintiffs, and the courts have overwhelmingly declined to confer personal jurisdiction where it is manufactured by the manipulative acts of plaintiff's own agent. (Defendants' Memorandum of Law at 5–7; Defendants' Reply Memorandum of Law at 3–8).

The district courts are admittedly at odds over whether a finding of personal jurisdiction may rest on an isolated purchase from a defendant's website, where the purchase was initiated by a plaintiff. The Second Circuit has not definitively ruled on this issue. In *Chloe v. Queen Bee of Beverly Hills, LLC,* plaintiff commenced a trademark infringement action against an out-of-state defendant company. 616 F.3d 158, 161–62 (2d Cir. 2010). Prior to commencing the action, an agent of plaintiff's counsel "accessed the [defendant's] website and placed an order online for the

[allegedly infringing product] to be sent to her New York address." *Id.* at 162.

Plaintiff also submitted evidence that the defendants had sold other non-infringing

merchandise that was shipped to consumers in New York. *Id.* at 163. In analyzing the

issue of personal jurisdiction, the Second Circuit found that the minimum contacts

inquiry of the long-arm statute was satisfied, specifically in light of the following

factors: (1) defendant operated a sufficiently interactive website which offered

counterfeit products for sale and shipment to New York consumers, (2) defendant sold

and shipped a counterfeit bag to an agent of the plaintiff in New York, and (3)

defendant engaged in fifty-two separate transactions in which other merchandise was

shipped into New York. *Id.* The Second Circuit emphasized the relevance of the

'other' New York transactions to their personal jurisdiction inquiry.[4]

Based on the Second Circuit's analysis in *Chloe*, in combination with the "vast

weight of authority" recognizing that a finding of personal jurisdiction may not rest

solely on such a purchase into the forum state instigated by a plaintiff, there appears,

at a minimum, to be some determination to make regarding this issue. Although

plaintiffs have made a *prima facie* showing of personal jurisdiction,[5] an ultimate lack

of additional contacts between Scented Promotions and this forum may prove fatal to

---

[4]In a footnote, the Second Circuit left open the question of whether the "single act" of
shipping the counterfeit product to an agent of the plaintiff, by itself, constituted an act of
trademark infringement and/or conferred specific jurisdiction. *Chloe v. Queen Bee of Beverly
Hills, LLC,* 616 F.3d at 165 n. 3.

[5]As in *Chloe*, plaintiffs here allege that defendants operate a business that sells,
distributes, and advertises air fresheners in New York, among other states. (Compl. at ¶ 9).
Plaintiffs further allege that defendants maintain interactive websites for the same purposes. (*Id.*).

plaintiffs' BLACK ICE claims.

The court's personal jurisdiction over the individual defendants will be determined by the same minimum contacts test. Plaintiffs allege that Warzocha and Slusarczyk were personally involved in the marketing and sales of the infringing merchandise. If such allegations are proven true, "the business transactions of [Scented Promotions] in the forum state may properly be imputed to [them]." *NHL v. Hockey Cup LLC,* No. 18-CV-6597, 2019 U.S. Dist. Lexis 3411, at *16 (S.D.N.Y. Jan. 8, 2019). However, a lack of personal jurisdiction over Scented Promotions may compel the same finding with respect to Warzocha and Slusarczyk.

At this juncture, defendants have presented a meritorious defense to Counts I-V as against each defendant. *See Standard Enterprises, Inc. v. Bag-It, Inc.*, 115 F.R.D. at 40.

### b. Breach of Judgment - Construction Defense

With respect to Counts VI-IX of the complaint, defendants do not dispute their conduct as described by plaintiff, nor do they deny that they are bound by the terms of the Judgment against AFI and Warzocha.[6] Instead, defendants maintain that their actions did not constitute proscribed conduct based on the plain terms of the

---

[6]Defendants are also silent on the enforceability of the Consent Judgment. Judge Suddaby granted partial default judgment against AFI/Warzocha in the 2010 Action. The claim surviving default judgment was defendants' alleged breach of the Consent Judgement. Default judgment was not granted on this claim, as AFI's lack of counsel at the time the Consent Judgment was entered constituted a meritorious defense. *Car-Freshner Co. v. Air Freshners, Inc.*, No. 7:10-CV-1491 (GTS/DEP), 2012 U.S. Dist. LEXIS 112826, at *23 (N.D.N.Y. Aug. 10, 2012) (citation omitted). Because plaintiffs discontinued this claim soon after Judge Suddaby issued his decision, it was never decided on the merits.

Judgment. Specifically, defendants argue that (1) "hidden text" is not one of the activities that is prohibited as to violations (a), (b), and (c); (2) the use of "car freshener" as identified in violations (d), (e), (f), and (i) constitutes nominative fair use, and (3) "hashtags" as identified in violations (g) and (h) were not encompassed within the scope of the plain terms of the Judgment. (Defs.' Mem. of Law at 7–10; Defs.' Reply Mem. of Law at 8–9). Plaintiffs contend that defendants have failed to present a meritorious defense in support of vacating the entry of default, as the defendants' conduct was clearly prohibited.

"Rule 68 offers of judgment and acceptances thereof are contracts to be interpreted according to ordinary contract principles." *Steiner v. Lewmar, Inc.*, 816 F.3d 26, 31 (2d Cir. 2016) (citing *Goodheart Clothing Co. v. Laura Goodman Enters., Inc.*, 962 F.2d 268, 272 (2d Cir.1992)). Nevertheless, in light of the unique nature of Rule 68 offers, "ambiguities[7] will be construed against the party making the offer." *Id.* (citing *Sanchez v. Prudential Pizza, Inc*., 709 F.3d 689, 692 (7th Cir. 2013)) ("[B]ecause the consequences of a Rule 68 offer are so great, the offering defendant bears the burden of any silence or ambiguity. . .").

The relevant paragraph of the Judgment states that it is

> ORDERED AND ADJUDGED that Defendants shall IMMEDIATELY cease all use of, and reference to, "LITTLE TREE," "LITTLE TREES," "MAGIC TREE," and "CAR FRESHNER," or the phonetic equivalents, with or without

---

[7]A contract is ambiguous if it is "reasonably susceptible of more than one interpretation," and unambiguous if it has "a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion." *Steiner v. Lewmar, Inc.*, 816 F.3d at 32 (citations omitted).

> punctuation between the words, as those terms are used to describe Plaintiffs' trademarks with registration numbers 675,796; 798,701; 1,017,831; and 1,990,039, to promote or refer to air fresheners on Defendants" web sites, meta tags, search engine listings, any form of advertising or promotional materials, packaging, and products[.]

(Compl. Ex. B at 1). The Judgment also incorporates by reference the terms of Judge Suddaby's August 10, 2012 Memorandum-Decision and Order, where the court found that defendants' "repeated, willful infringement of Plaintiffs' trademarks warrant an injunction ordering Defendants to stop all current and future infringement." *Car-Freshner Co. v. Air Freshners, Inc.*, 2012 U.S. Dist. LEXIS 112826, at *18.

In turn, plaintiffs allege defendants have committed the following Judgment violations:

> a) The use of "little tree" in hidden text on the homepage of www.scentedpromo.com;
>
> b) The use of "little tree" in hidden text on the "Fragrance" page of www.scentedpromo.com;
>
> c) The use of "little tree" in hidden text on the "Our Products" page of www.scentedpromo.com;
>
> d) The use of "Car Freshener" on the "About Us" page of www.scentusa.com;
>
> e) The use of "Car Freshener" on the "About Us" page of www.smellycharms.com;
>
> f) The use of "Car freshener" on a rack card depicted on the "Customized Air Fresheners" page of www.smellycharms.com;

g) The use of the hashtag "#carfreshener" by Scent USA in two distinct promotional posts on Instagram;

h) The use of the hashtag "#notthelittletree" by Scent USA in a different promotional post on Instagram; and

i) The use of "Car Freshener" on the "About Us" page of www.midasusa.com.

(Compl. at ¶ 74).

At the outset, the court is not persuaded that the terms of the Judgment were ambiguous, to the extent they clearly prohibited the use of the terms "LITTLE TREE," "LITTLE TREES," "MAGIC TREE," and "CAR FRESHNER" to "promote or refer to air fresheners on defendants' web sites . . . [and] any form of advertising or promotional materials . . . ." Nevertheless, these phrases were undisputedly found on defendants' web sites and advertising/promotional platforms. Counsel's arguments that defendants' conduct did not constitute "trademark infringement" are misplaced. The defendants consented to a permanent injunction being taken against them as described in the Judgment, and whether the restrictions contained therein extend beyond the scope of what would constitute trademark infringement is of no moment regarding plaintiff's claims for breach of contract and judgment violations.

In any event, even assuming, *arguendo*, that the terms of the Judgment resulting from the defendants' Rule 68 offer were susceptible to differing interpretations, defendants fail to offer any evidence that their conduct was outside its intended scope.

A defendant seeking to vacate an entry of default "must present some evidence beyond conclusory denials to support his defense." *Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 81 (E.D.N.Y. Dec. 16, 2010) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d at 96). The test is "whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp v. Diakuhara,* 10. F3d at 98. Here, the moving parties have failed to provide an affidavit from any defendant, or its representative, claiming that their conduct as alleged in violations (a) through (i), was not intended as, and did not constitute, prohibited use under the terms of the Judgment. As previously discussed, defense counsel's arguments contained in his memorandum of law do not constitute evidence.

The defendants fail to offer any evidence lending credibility to their 'construction' defenses. Accordingly, the court finds that defendants have not presented a meritorious defense as to Counts VI-IX.

### 3. Prejudice

Defendants argue that the plaintiffs will not suffer prejudice if the entry of default is vacated. In response, plaintiffs argue that the delay caused by the default has and will continue to foster the "defendants' efforts to obfuscate, obstruct, and conceal." (Plts.' Mem. of Law at 19-20). In support of their position, plaintiffs have offered evidence suggesting that the defendants have continued to breach the terms of the prior judgments during the pendency of this litigation, and throughout their

default. (*Id.*). Plaintiffs further argue that, even in the absence of prejudice, this court has the discretion to deny a motion to set aside a default based on a finding of willful conduct and the defendants' lack of a meritorious defense.

In determining whether to vacate an entry of default, a court must consider "whether and to what extent, vacating the default judgment will prejudice the non-defaulting party." *Oscilloscope Pictures, Inc. v. Monbo*, No. 17-CV-7458, 2019 WL 2435644, at *9 (E.D.N.Y. Mar. 25, 2019) (quoting *New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005)). "Some delay is inevitable when a motion to vacate a default judgment is granted; thus, 'delay alone is not a sufficient basis for establishing prejudice.' " *Id.* Accordingly, in determining whether a plaintiff has suffered prejudice, courts consider "the effect of the delay caused by the defendant's default, such as thwarting plaintiff's recovery or remedy resulting in the loss of evidence, creating increased difficulties of discovery, or providing greater opportunity for fraud and collusion." *Id.* (quoting *Swarna v. Al-Awadi*, 622 F.3d 123,142 (2d Cir. 2010) (alterations, citation, and internal quotation marks omitted)).

The court is sympathetic to the plaintiffs' position that vacating the entry of default would risk further opportunity for defendants' continuing misconduct, as exhibited by the record history between the parties. However, "while plaintiffs have raised the potential of fraud on the part of the defendants, they have not persuaded the Court that defendants will, with any certainty, commit fraud in further proceedings as

required by the standard." *Car-Freshner Co. v. Air Freshners, Inc.*, 2012 U.S. Dist. LEXIS 112826, at *24–25.

In any event, even assuming plaintiffs have failed to show any substantial prejudice they would suffer if their claims were resolved on the merits, this court may still "deny a motion to set aside a default if [it] is persuaded that the default was willful and is unpersuaded that the defaulting party has a meritorious defense, without reaching the question of whether the non-defaulting party would be prejudiced." *Id.* at *24 (citation omitted).

### 4. Balancing of the 'Good Cause' Factors

"[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *BMO Harris Bank N.A. v. Mobius Business Solutions, LLC,* 2018 WL 3862682 at *3. Although defendants willfully failed to litigate this case diligently, they have nevertheless proffered a potentially meritorious jurisdictional defense with respect to Counts I-V of the complaint. Weighing these factors in light of the "the Second Circuit's strong preference for disposition on the merits and resolving all doubts in favor of [defendants]," defendants' motion to vacate the clerk's entry of default is granted with respects to Counts I-V of the complaint.

The factors, however, do not suggest the same outcome regarding Counts VI-IX

of the complaint. In light of the defendants' lack of a meritorious defense with respect to plaintiff's remaining allegations, and considering their willful conduct, "no such doubt exists" in their favor. *Id.; see also Amalgamated Life Insurance Co. v. Boatswain*, 2018 WL 4921646, at *3 ("Given the strong showing of willfulness and the absence of any meritorious defenses, the lack of significant prejudice is not persuasive here."). Thus, defendants' motion to vacate the clerk's entry of default is denied with respect to Counts VI-IX of the complaint.

## III. **Attorneys' Fees**

In their memorandum of law opposing defendants' motion to vacate the entry of default, plaintiffs ask the court to condition any relief granted upon reimbursement of plaintiffs' attorneys' fees and costs incurred in opposing defendants motion to set aside the default, as well as in moving for a default judgment. Defendants argue that the plaintiffs' request for attorneys' fees was not properly submitted to the court by way of motion, and further argue that plaintiffs are not entitled to attorneys' fees for their motion for default judgment.

The Second Circuit has held that, "[i]n determining whether to exercise its discretion to set aside a default, a district court has inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party." *Filo Promotions, Inc. v. Bathtub Gins, Inc.*, 311 F. Supp. 3d 645, 647 (S.D.N.Y. 2018) (citing *Powerserve Int'l v. Lavi*, 239 F.3d 508, 515 (2d Cir. 2001)). A

district court has "substantial flexibility" in fashioning an appropriate remedy. *Id.* (citing *Nat. Organics, Inc. v. TRC Nutritional Labs., Inc.*, No. 08-cv-3644, 2009 WL 2957816, at *2 (E.D.N.Y. Sept. 10, 2009)). "One such condition that is routinely imposed is the requirement that the defaulting party reimburse the plaintiff its reasonable attorneys' fees and costs incurred as a result of the default." *Id.* (listing cases).

This memorandum-decision and order is limited in scope to defendants' motion to vacate the clerk's entry of default. In light of the nature of the relief granted, and considering plaintiffs' pending motion for default judgment, it is more appropriate to address attorneys' fees with the pending motion. Indeed, plaintiffs have dedicated a substantial portion of their motion for default judgment to this issue, with accompanying affidavits and exhibits for the district court's review. Thus, at this juncture the court will reserve judgment as to plaintiff's request for attorneys' fees, so that it may be determined in conjunction and consistent with the pending motion for default judgment.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that defendants' motion to vacate the entry of default be **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED,** that defendants' motion to vacate the entry of default be **GRANTED** as to Counts I-V of the complaint; and it is further

22

**ORDERED,** that defendants' motion to vacate the entry of default be **DENIED** as to Counts VI-IX of the complaint.

Dated: March 12, 2020

Andrew T. Baxter
U.S. Magistrate Judge