**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF NEW YORK**

| | |
|---|---|
| CAR-FRESHENER CORPORATION, *et al.* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SCENTED PROMOTIONS, LLC, *et al.* ) <br> ) <br> Defendants. ) <br> ) | Case No. 5:19-cv-01158-GTS-ATB <br><br> **OBJECTIONS TO MAGISTRATE'S ORDER RE: MOTION TO VACATE CLERK'S ENTRY OF DEFAULT** |

Defendants Scented Promotions, LLC ("Scented Promotions"), Paulina Slusarczyk and Slawomir M. Warzocha respectfully submit the following Objections to the Magistrate's Order Denying in Part their Motion to Vacate the Clerk's Entry of Default as to each of them.

i

# TABLE OF CONTENTS

| | | |
|---|---|---:|
| I. | Objections | 1 |
| | A. The Portion of the Magistrate's Order Relative to Willful Default is Clearly Erroneous | 1 |
| | B. The Defendants Have A Meritorious Defense to Counts VI-XI of the Complaint Because the 2003 and 2013 Judgments Are Ambiguous, and the Magistrate's Decision to the Contrary is Clearly Erroneous. | 4 |
| II. | Conclusion | 8 |

## TABLE OF AUTHORITES

| | |
|---|---|
| *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57 (2d Cir. 1996) | 1 |
| *Eksouzian v. Albanese* No. CV 13-00728-PSG-MAN, 2015 WL 4720478 (C.D. Cal. Aug. 7, 2015) | 7 |
| *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167 (2d Cir. 2001) | 4 |
| *Pennington v. City of Roch.*, No. 13-CV-6304, 2018 WL 3023383 (W.D.N.Y. June 18, 2018) | 1 |
| *S.E.C. v. McNulty*, 137 F.3d 732  (2d Cir. 1998) | 1 |
| *Simmons v. Sea Gate Ass'n*, No. 12-CV-4949, 2013 WL 5774594 (E.D.N.Y. Oct. 24, 2013) | 1 |
| *State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453 (2d Cir. 2011) | 4 |
| *Steiner v. Lewmar, Inc.*, 816 F.3d at 32 (2d Cir. 2016) | 4 |

I.  Objections

   A. **The Portion of the Magistrate's Order Relative to Willful Default is Clearly Erroneous.**

The Second Circuit has interpreted "willfulness," in the context of a default, as referring to conduct that is more than merely negligent or careless. *See S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *see also Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d Cir. 1996) (requiring "bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error" and noting that even gross negligence "does not necessarily preclude relief" from a default judgment). In this case, there is no bad faith attributable to the Defendants' default, and the record demonstrates that the Defendants have been making diligent efforts to respond to the Complaint.

The Magistrate's decision to find willful default on these facts is clearly erroneous for several reasons. First, applying the relevant case law to these circumstances demonstrates that they do not fall within the scope of willfulness. For example, in *Simmons v. Sea Gate Ass'n*, No. 12-CV-4949, 2013 WL 5774594, at *5 (E.D.N.Y. Oct. 24, 2013) the court held that before a finding of willfulness, "a court must be persuaded that the party made a strategic decision and deliberately chose not to appear." In *Pennington v. City of Roch.*, No. 13-CV-6304, 2018 WL 3023383, at *8 (W.D.N.Y. June 18, 2018), the court held that a "default is 'willful' when it is deliberate and not brought on by outside factors." Finally in *S.E.C. v. McNulty*, 137 F.3d at 739, the court reasoned that it may also find a default to have been willful "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." All of these cases suggest the present facts do not support a finding of willful default. For example, *Simmons* requires that the Defendants made a "strategic decision" to default. Clearly, that is not the case

1

on these facts which demonstrate the Defendants made contact with Plaintiffs' counsel, attempted to secure extension of time to answer, and made a settlement offer, in the face of very trying circumstances including the pregnancy of defendant Paulina Slusarczyk and the death of defendant Michael Warzocha's brother, and the difficulties in locating and retaining New York counsel.  The fact that the Defendants have meritorious defenses against all of the claims in the Complaint makes the Magistrate Judge's finding particularly brutal.  Indeed, it would be strategically hurtful to the Defendants to default, instead of presenting their meritorious defenses.  Common sense mitigates against a finding that the Defendants in this case made a "strategic decision" to default.

The *Pennington* case holds that a default brought on by "outside factors" is not a willful default.  Here the Defendants have demonstrated that their default was brought on by outside factors and therefore is not willful.  As recounted in the motion papers, Mr. Warzocha had been preoccupied by the death of close family member, namely his brother.  In fact, Mr. Warzocha was out of the country, in Poland, during the time when a response to the Complaint was coming due pursuant to Plaintiffs' meager ten (10) day consented-to extension.  Furthermore, Ms. Slusarczyk had been pregnant, and understandably needing to focus on her health and the health of her unborn child.  Despite knowing these facts, the Plaintiffs were unwilling to agree to an adequate amount of time for the Defendants to respond in the Complaint.  All of the forgoing are "outside factors" the precipitated the default in this case, tending to show that the default was not willful.

The Magistrate's decision is also clearly erroneous in holding that the Defendants did not satisfactorily explain the circumstances of default.  The motion papers clearly explained that while Mr. Warzocha had been working with an attorney in Nevada, who is not admitted to

practice in the state of New York, or in this Court, he was unable to retain New York counsel to represent the Defendants in this matter until he secured representation by undersigned counsel. The record demonstrates that Mr. Warzocha made several attempts, either through his Nevada attorney or by himself personally, to avoid default by attempting to secure adequate extensions of time to respond to the Complaint.  Not only that, Defendant Warzocha engaged Plaintiffs' counsel in settlement discussions and in fact made an offer of settlement, which was rejected by the Plaintiffs, without counteroffer.  Thus, the Magistrate's decision is clearly erroneous in its contention that none of the Defendants supplied an explanation for their default.  In point of fact, none of the Defendants were represented by New York counsel until they retained undersigned counsel.  When the Defendants retained undersigned counsel, they immediately authorized the filing of the present motion and sought to defend this matter on the merits.  Even though the Defendants had no representation, they attempted to obtain extensions to respond to the Complaint.  Such attempts are hardly the acts of a party willfully defaulting. The lack of New York counsel, as well as the trying personal circumstances of defendants Warzocha and Slusarczyk are satisfactory explanations of the default with respect to all Defendants.

  Finally, the Magistrate erroneously over-relies on the fact that since Mr. Warzocha and his company were found in default in a previous action between the parties.  The Magistrate characterizes the prior default as "probative" of his current decision.  However, in this case, the Defendants have all provided satisfactory explanations of their default, which was caused by outside factors and not a strategic decision.  Every motion should be decided on the facts of that particular case without reference to the events of prior cases.  What happened in prior cases between these parties is simply irrelevant to the issues at hand in this motion and the Magistrate's reliance on these facts from prior cases is clearly erroneous.

**B. The Defendants Have A Meritorious Defense to Counts VI-XI of the Complaint Because the 2003 and 2013 Judgments Are Ambiguous, and the Magistrate's Decision to the Contrary is Clearly Erroneous.**

"In order to make a sufficient showing of a meritorious defense . . . , the defendant need not establish [its] defense conclusively, but [it] must present credible evidence of facts that would constitute a complete defense." *State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 456 (2d Cir. 2011). "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001). Here, the ambiguity of the prior judgments, coupled with uncontroverted facts demonstrate that the Defendants have a meritorious defense to these counts in the Complaint.

The Magistrate clearly erred in holding the language of the prior judgments to be unambiguous. The Magistrate cited *Steiner v. Lewmar, Inc.*, 816 F.3d at 32 (2nd Cir. 2016) for the proposition that a contract is ambiguous if it is "reasonably susceptible of more than one interpretation," and unambiguous if it has "a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion." Applying this standard to the language of the prior judgments, it is clear they are reasonably susceptible to more than one interpretation. The relevant language is as follows (with emphasis added):

> ORDERED AND ADJUDGED that Defendants shall IMMEDIATELY cease all use of, and reference to, "LITTLE TREE," "LITTLE TREES," "MAGIC TREE," and "CAR FRESHENER," or the phonetic equivalents, with or without punctuation between the words, <u>as those terms are used to describe Plaintiffs' trademarks with registration numbers 675,796; 798,701; 1,017,831; and 1,990,039, to promote or refer to air fresheners</u> on Defendants' web sites, meta tags, search engine listings, any form of advertising or promotional materials, packaging, and products[.]

4

Based on this language, the Complaint then lists the following alleged violations of this provision of the Judgments:

> a) The use of "little tree" in hidden text on the homepage of www.scentedpromo.com;
> b) The use of "little tree" in hidden text on the "Fragrance" page of www.scentedpromo.com;
> c) The use of "little tree" in hidden text on the "Our Products" page of www.scentedpromo.com;
> d) The use of "Car Freshener" on the "About Us" page of www.scentusa.com;
> e) The use of "Car Freshener" on the "About Us" page of www.smellycharms.com;
> f) The use of "Car freshener" on a rack card depicted on the "Customized Air Fresheners" page of www.smellycharms.com;
> g) The use of the hashtag "#carfreshener" by Scent USA in two distinct promotional posts on Instagram;
> h) The use of the hashtag "#notthelittletree" by Scent USA in a different promotional post on Instagram; and
> i) The use —continuing to this day — of "Car Freshener" on the "About Us" page of www.midasusa.com.

The uses of "car freshener" identified in items d-f and i were all uses of such term as a nominative fair use, and the Plaintiffs do not deny that such uses constitute nominative fair use. The Plaintiffs contend that any use of the terms LITTLE TREE," "LITTLE TREES," "MAGIC TREE," and "CAR FRESHENER," is a violation of the prior judgments, regardless of whether the use is as a trademark or not. Defendants argue that none of these uses were uses as a trademark in an attempt to infringe the Plaintiffs' mark or otherwise trade-off the Plaintiffs' purported goodwill. The Magistrate rejected this argument; but, his conclusion on this point is clearly erroneous. As noted in the underlined portions of the judgment language above, the judgments prohibit the use of certain terms "<u>as those terms are used to describe Plaintiffs' trademarks with registration numbers 675,796; 798,701; 1,017,831; and 1,990,039, to promote or</u>

5

<u>refer to air fresheners.</u>" Thus, in order for those words to have meaning, they must limit the uses of "LITTLE TREE," "LITTLE TREES," "MAGIC TREE," and "CAR FRESHENER," to trademark usages; otherwise, the underlined phrase is superfluous, if every usage, regardless of whether it is a usage as a trademark or not, is a violation of the prior judgments as the Plaintiffs contend. At the very least, the meaning of the phrase "as those terms are used to describe Plaintiffs' trademarks with registration numbers 675,796; 798,701; 1,017,831; and 1,990,039, to promote or refer to air fresheners" is reasonably susceptible to more than one interpretation. Therefore, the Magistrate's conclusion that the language of the prior judgments is not ambiguous is clearly erroneous and the Defendants objections to this portion of the Order should be sustained.

As to items a-c on this list, the Defendants note that use in "hidden text" is not one of activities that is prohibited by the plain language of the Judgments; and, that there is no evidence that this "hidden text" has even been seen by any consumer. The Plaintiffs claim they are owed $30,000 for instances of hidden text on the Defendants' websites, when there is absolutely no proof that any consumer ever saw the hidden text. We now know that the Plaintiffs' agent, Ms. Waite –Holland, performed some type of manipulation of the websites at issue to make this "hidden text" visible. While Plaintiffs argue that the issue of "hidden text" was at issue in the 2013 action, they concede such language is not part of the terms of the judgment in that case. Even assuming *arguendo* that the Defendants intended to have the hidden text on their website, which the Defendants do not concede, in order for this to be a "use" it would have to accomplish some purpose. The hidden text accomplishes no purpose, and the Plaintiffs have failed to demonstrate that any consumer saw it. Moreover, as discussed above, any use that violates the prior judgments has to be a use as a trademark, in order for all the language in the prior judgment

to have effect and be non-superfluous. For all these reasons, the prior judgments are "reasonably susceptible of more than one interpretation" as applied to the instances of hidden text, and the Magistrate's decision that the prior judgments are unambiguous is clearly erroneous.

The Defendants note that the "hashtags" identified in items g and h are also not encompassed within the scope of the plain terms of the Judgments; and, there is no evidence that these hashtags constitute trademark usage. Hashtags, merely identify messages on a specific topic and do not have source-identifying power. Other courts have endorsed this finding. For example, in *Eksouzian v. Albanese* No. CV 13-00728-PSG-MAN, 2015 WL 4720478 (C.D. Cal. Aug. 7, 2015), two competing manufacturers and sellers of compact vaporizer pens reached a settlement agreement to resolve a prior trademark dispute involving use of the term CLOUD. The parties then engaged in further litigation over enforcement of their settlement agreement. The *Eksouzian* court held that a party did not breach the settlement agreement by using #cloudpen on social media because "hashtags are merely descriptive devices, not trademarks, unitary or otherwise, in and of themselves." As discussed above, the prior judgments require that any potentially violative uses be uses as a trademark, otherwise the phrase "as those terms are used to describe Plaintiffs' trademarks with registration numbers 675,796; 798,701; 1,017,831; and 1,990,039, to promote or refer to air fresheners" has no meaning and is superfluous. Since hashtags are merely descriptive devices and never trademarks, hashtags can never violate the terms of the prior judgments. At the very least, the Defendants have demonstrated that the prior judgments are reasonably susceptible to more than one interpretation on this issue, and therefore, the Magistrate clearly erred in holding that the hashtags were unambiguous prohibited by the prior judgments.

## II.  Conclusion

For the reasons presented herein, the Defendants respectfully request that the Court SUSTAIN their Objections to the Magistrate's Order on their Motion to Vacate the Clerk's Entry of Judgment, and modify the Order on said motion to grant it in its entirety.

Respectfully submitted,

s/Byron A. Bilicki
Byron A. Bilicki, Esq.
Carl A. Hjort, III, Esq.
The Bilicki Law Firm, P.C.
1285 North Main Street
Jamestown, NY 14701
Phone: (716) 664-5600
Email: babilicki@bilickilaw.com
*Counsel for the Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2020, the foregoing Objections to Magistrate's Order Re: Motion to Vacate Clerk's Entry of Default was electronically filed via CM/ECF in the United States District Court for the Northern District of New York, and thereafter electronically served upon:

Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202

Louis Orbach - lorbach@bsk.com
Liza R. Magley - lmagley@bsk.com

Respectfully submitted,

s/Carl A. Hjort, III

Carl A. Hjort, III

9