UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CAR-FRESHNER CORPORATION and JULIUS
SÄMANN LTD.,

               Plaintiffs,

       v.

SCENTED PROMOTIONS, LLC d/b/a SCENT USA,
PAULINA SLUSARCZYK, and SLAWOMIR M.
WARZOCHA a/k/a MICHAEL WARZOCHA a/k/a
MIKE MIDAS,

               Defendants.

Civil Action No.

5:19-cv-01158 (GTS/ATB)

---

**PLAINTIFFS' MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS' APPEAL FROM
MAGISTRATE JUDGE BAXTER'S ORDER DENYING,
IN PART, THEIR MOTION TO VACATE THE CLERK'S
ENTRY OF DEFAULT**

BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8000

*Attorneys for Plaintiffs*

3538162.2

# TABLE OF CONTENTS

Preliminary Statement ................................................................................................ 1

Statement of the Case ............................................................................................... 2

I. Plaintiffs and Their Stable of Invaluable Trademarks ............................. 2

II. The Prior Lawsuits and Judgments ............................................................ 2

III. Defendants Have Continued the Business of AFI .................................... 5

IV. Defendants Have Breached the Prior Judgments ................................... 7

Procedural History ..................................................................................................... 7

Argument ..................................................................................................................... 9

I. Standard of Review .................................................................................... 10

II. Magistrate Judge Baxter's Conclusion That Defendants Willfully Defaulted Was Not Clearly Erroneous ....................................................... 11

III. Magistrate Judge Baxter's Conclusion That Defendants Have Not Shown A Meritorious Defense Was Not Clearly Erroneous ........................................ 16

    A. The 2013 Judgment .......................................................................... 16

    B. The 2003 Consent Judgment ........................................................... 23

Conclusion ................................................................................................................ 24

3538162.2

## PRELIMINARY STATEMENT

Plaintiffs CAR-FRESHNER Corporation ("CFC") and Julius Sämann Ltd. ("JSL") (collectively, "Plaintiffs") respectfully submit this memorandum of law in opposition to the appeal by defendants Scented Promotions, LLC d/b/a Scent USA ("Scented Promotions"), Paulina Slusarczyk ("Slusarczyk"), and Slawomir M. Warzocha a/k/a Michael Warzocha a/k/a Mike Midas ("Warzocha") (collectively, "Defendants") from that part of Magistrate Judge Baxter's order, entered on March 12, 2020, that denied their motion to vacate the Clerk's entry of default with respect to Claims VI through IX of the Complaint.

Claims VI through IX seek relief for breaches of prior judgments entered by this Court.  As set forth in the Complaint, for nearly 20 years, under the guise of various names and corporate entities, defendant Warzocha has engaged in a pattern and practice of infringing Plaintiffs' trademarks.  Plaintiffs have twice commenced actions in this Court against Warzocha and/or his business enterprise, and in both cases judgments were entered, by agreement, in Plaintiffs' favor.  Recent breaches of those judgments (and, separately, misappropriation of Plaintiffs' BLACK ICE trademarks) necessitated this new action against (a) Warzocha, (b) the current iteration of Warzocha's business enterprise, Scented Promotions, and (c) Scented Promotions' manager, Slusarczyk, who is also Warzocha's daughter and his long-time collaborator.

Defendants had knowledge of this lawsuit and chose to default.  The default was willful, just as it was the last time Warzocha and his company defaulted before

1

3538162.2

this Court.  *See Car-Freshner Corp. v. Air Fresheners, Inc.,* No. 7:10-CV-1491 (GTS/DEP), 2012 U.S. Dist. LEXIS 112826, *16-17 (N.D.N.Y. Aug. 10, 2012) (Suddaby, J.).  Moreover, Defendants have not come forward with evidence of any meritorious defense for their breaches of the Court's prior judgments.  Magistrate Judge Baxter correctly denied their motion to vacate the Clerk's entry of default with respect to Claims VI through IX of the Complaint.  His decision should be upheld.

## STATEMENT OF THE CASE

### I.    Plaintiffs and Their Stable of Invaluable Trademarks

CFC and its predecessors have manufactured, marketed, and sold their world-famous air fresheners from their headquarters in Watertown, New York, for over 60 years.  *Complaint*, ¶ 17.  Under license from JSL, CFC uses a number of invaluable, federally-registered trademarks in connection with the manufacture, marketing, and sale of these air fresheners, including marks containing a distinctive abstract Tree design (the "Tree Design Marks") and the word marks CAR-FRESHNER, LITTLE TREES, LITTLE TREE, MAGIC TREE, and BLACK ICE.  *Id.,* ¶¶ 18, 19, 20, 21, 75.

### II.   The Prior Lawsuits and Judgments

As Magistrate Judge Baxter noted, "[t]he parties are well acquainted with this court."  ECF Doc. No. 23, p. 2.  In 2002, CFC and JSL brought their first trademark infringement action against Scented Promotions' predecessor, Air Fresheners, Inc. d/b/a Scent USA ("AFI"), in this Court (the "First Action").  *Complaint*, ¶ 22.  That First Action involved AFI's infringement of the Tree Design Marks and the word marks LITTLE TREE, LITTLE TREES, MAGIC TREE, and CAR-FRESHNER.  *Id.,* ¶ 23.  That

2

First Action was resolved in November 2003, when the Court entered a consent judgment signed by Warzocha on behalf of AFI (the "2003 Consent Judgment"). *Id.*, ¶ 24 & Ex. A.

Among other things, the 2003 Consent Judgment prohibited AFI from importing, manufacturing, purchasing, distributing, advertising, promoting, or selling any air fresheners with any design that infringed or was a colorable imitation of the Tree Design Marks. *Complaint*, ¶ 25. The 2003 Consent Judgment also required AFI to

> remove all uses of, and/or references to, tree shaped air fresheners and all uses of, and/or references to LITTLE TREE, LITTLE TREES, MAGIC TREE, CAR FRESHENER and the phonetic equivalents, with or without punctuation between the words, from all meta tag and search engine listings, advertising, promotional materials, web sites, packaging and/or products.

*Id.*, ¶ 26. The Consent Judgment provided for a $10,000 remedy for each breach of its terms. *Id.*, ¶ 27. It also provided for Plaintiffs' recovery of their attorneys' fees and costs associated with any action required to enforce its terms. *Id.*

In 2010, CFC and JSL brought a second action in this Court against AFI, when they discovered that AFI was breaching the 2003 Consent Judgment and once again infringing their trademarks (the "Second Action"). Warzocha was also named as a defendant in that Second Action. *Complaint*, ¶ 28.

Specifically, Plaintiffs discovered that AFI and Warzocha were promoting and selling tree-shaped air fresheners that breached the 2003 Consent Judgment and infringed upon the Tree Design Marks. *Complaint*, ¶ 29. In addition, Plaintiffs

3

discovered that AFI and Warzocha were breaching the 2003 Consent Judgment by using LITTLE TREE, LITTLE TREES, MAGIC TREE, and CAR-FRESHNER, or similar terms, as hidden text on one or more of their websites (which included www.scentusa.com). *Id.*, ¶ 30.

This Court granted Plaintiffs a partial default judgment, with permanent injunctive relief, against AFI and Warzocha in the Second Action on August 10, 2012. *Complaint*, ¶ 31.  AFI and Warzocha subsequently made an offer of judgment in the Second Action, under Rule 68 of the Federal Rules of Civil Procedure, on December 26, 2012.  Warzocha signed that offer of judgment on behalf of himself and on behalf of AFI, as its "vice president."  *Id.,* ¶ 32.  Plaintiffs rejected that offer of judgment. *Id.*, ¶ 33.

AFI and Warzocha made a second offer of judgment in the Second Action, under Rule 68 of the Federal Rules of Civil Procedure, on January 3, 2013.  Once again, Warzocha signed that offer of judgment on behalf of himself and on behalf of AFI, as its "vice president."  *Complaint*, ¶ 34.  Plaintiffs accepted that second offer of judgment.  *Id.*, ¶ 35.

As a result of Plaintiffs' acceptance of that second offer of judgment, this Court entered a judgment against Warzocha and AFI in the Second Action on January 4, 2013 (the "2013 Judgment").  *Complaint*, ¶ 36.  The 2013 Judgment includes the following prohibitions, among others:

> ORDERED AND ADJUDGED that Defendants shall IMMEDIATELY cease all use of, and reference to, "LITTLE TREE," "LITTLE TREES," "MAGIC TREE," and "CAR FRESHNER," or the phonetic equivalents, with or

4

> without punctuation between the words, as those terms are
> used to describe Plaintiffs' trademarks with registration
> numbers 675,796; 798,701; 1,017,831; and 1,990,039, to
> promote or refer to air fresheners on Defendants' web sites,
> meta tags, search engine listings, any form of advertising
> or promotional materials, packaging, and products[.]

*Id.*, ¶ 37.  In addition to prohibiting such conduct, the 2013 Judgment provides for the following monetary remedies to which the parties had agreed under Rule 68:

> [I]f either Defendant breaches the terms of this Judgment,
> Defendants shall pay to CFC ten thousand dollars
> ($10,000.00) per violation of this Judgment, $1 per
> infringing product produced or distributed after the date of
> this Judgment, and Plaintiffs' costs and attorneys fees in
> enforcing the Judgment.

*Id.*, ¶ 38.

The 2013 Judgment expressly required Warzocha "to inform each employee of Air Fresheners, Inc. d/b/a Scent USA of the contents of this Judgment within . . . 10 calendar days of entry of this Judgment[.]" *Complaint*, ¶ 39.  Slusarczyk was an employee of AFI at the time the 2013 Judgment was entered, and thus Warzocha was required to inform her of the 2013 Judgment's contents.  *Id.*, ¶ 40.

## III.   Defendants Have Continued the Business of AFI

As Magistrate Judge Baxter found, "Plaintiffs raise several allegations that strongly suggest a successor relationship and continuity of business between AFI and Scented Promotions, which relationship the defendants do not appear to dispute." ECF Doc. No. 23, p. 3.

Nevada public records show that Scented Promotions was formed on December 7, 2012, just three weeks before Warzocha and AFI made their first offer of judgment

5

in the Second Action. *Complaint*, ¶ 42. Then, according to Nevada public records, AFI was dissolved effective December 31, 2013, after the 2013 Judgment was entered in the Second Action. *Id.,* ¶ 41.

Scented Promotions is a substantial continuation of AFI and was formed for the specific purpose of evading the 2013 Judgment entered against AFI. *Complaint*, ¶ 43. Moreover, Scented Promotions was formed with Slusarczyk as its "manager" for the specific purpose of evading Warzocha's personal liability under the 2013 Judgment. *Id.*, ¶ 44. In fact, publicly available information, including information from public records, evidences a clear continuity of location, trade name, web address, and business operations from AFI to Scented Promotions. *Id.*, ¶¶ 45-72. There has also been a continuity of key personnel, in that Warzocha and Slusarczyk have been key personnel at both AFI and Scented Promotions. *Id.*, ¶¶ 46-59.

As Magistrate Judge Baxter noted, Defendants did not dispute any of these matters in their motion to vacate the Clerk's entry of default. ECF Doc. No. 23, p. 14 ("defendants do not dispute their conduct as described by plaintiff"). The foregoing matters are well-documented in the declarations submitted with Plaintiffs' pending motion for default judgment. *See Declaration of Leah Waite-Holland*, executed on January 24, 2020 ("*Waite-Holland Decl. I*"), at ¶¶ 5-10 (ECF Doc. No. 17-1); *Declaration of Abbie Brinson Woodruff*, executed on January 24, 2020 ("*Brinson Woodruff Decl.*"), at ¶¶ 3-4 (ECF Doc. No. 17-20); *Declaration of Louis Orbach*, executed on January 24, 2020 ("*Orbach Decl. I*"), at ¶¶ 28-33 (ECF Doc. No. 17-25).

## IV.   Defendants Have Breached the Prior Judgments

The Complaint identifies at least ten recent breaches of the 2003 Consent Judgment and the 2013 Judgment: the use of "little tree" in hidden text on the homepage of www.scentedpromo.com; the use of "little tree" in hidden text on the "Fragrance" page of www.scentedpromo.com; the use of "little tree" in hidden text on the "Our Products" page of www.scentedpromo.com; the use of "Car Freshener" on the "About Us" page of www.scentusa.com; the use of "Car Freshener" on the "About Us" page of www.smellycharms.com; the use of "car freshener" on a rack card depicted on the "Customized Air Fresheners" page of www.smellycharms.com; the use of the hashtag "#carfreshener" by Scent USA in two distinct promotional posts on Instagram; the use of the hashtag "#notthelittletree" by Scent USA in a different promotional post on Instagram; and the use of "Car Freshener" on the "About Us" page of www.midasusa.com. *Complaint*, ¶ 74. These breaches are all documented in Plaintiffs' pending motion for default judgment. *See Waite-Holland Decl. I*, ¶¶ 11-19 and Exs. F-N; *Orbach Decl. I,* ¶ 33 & Ex. K. Since filing that motion, Plaintiffs have discovered another breach on Defendants' website. *Declaration of Leah Waite-Holland*, executed on February 6, 2020 ("*Waite-Holland Decl. II*"), at ¶ 9 (ECF Doc. No. 19-1).

## PROCEDURAL HISTORY

Plaintiffs commenced this action, by filing their Complaint, on September 18, 2019. ECF Doc. No. 1. Defendants, through counsel, received the Complaint on September 23, 2019, and waived service per FED. R. CIV. P. 4(d). ECF Doc. Nos. 6-8.

3538162.2

At the request of Defendants' counsel, Plaintiffs thereafter consented to an extension of Defendants' time to answer to December 2, 2019, which would have given them 70 days to answer after they received the Complaint. *See Declaration of Louis Orbach*, dated February 6, 2020 ("*Orbach Decl. II*"), at ¶¶ 17-19 (ECF Doc. No. 19-9).  As Magistrate Judge Baxter found, Defendants never sought the Court's approval for that extension, or its permission for any other extension, and simply failed to appear. ECF Doc. No. 23, p. 7.  On December 5, 2019, the Clerk of this Court entered default against all Defendants.  ECF Doc. No. 11.

Defendants waited until January 20, 2020 to move to vacate the Clerk's entry of default.  ECF Doc. No. 16.  That was 119 days after they first received the Complaint, and just four days before Plaintiffs' deadline to file their motion for default judgment.  ECF Doc. No. 15.

By memorandum-decision and order entered on March 12, 2020, Magistrate Judge Baxter denied Defendants' motion to vacate the Clerk's entry of default in part and granted it in part.  ECF Doc. No. 23.  Magistrate Judge Baxter denied Defendants' motion with respect to Claims VI through IX of the Complaint, which seek relief for Defendants' breaches of the Court's prior judgments.  *Id.* at 23. Magistrate Judge Baxter found that Defendants' default was willful, and that, with respect to those claims, Defendants had failed to show a meritorious defense.  *Id.* at 5-9, 14-18.

Magistrate Judge Baxter granted Defendants' motion with respect to Claims I through V of the Complaint, which seek relief for Defendants' misappropriation of

Plaintiffs' BLACK ICE trademarks.  *Id.* at 22.  With respect to those claims alone, Defendants contended that the Court lacked personal jurisdiction over them. Magistrate Judge Baxter found that "plaintiffs have made a *prima facie* showing of personal jurisdiction[.]"  *Id.* at 13.  He nonetheless concluded that Defendants had made a sufficient showing of a "meritorious defense" on this ground, for purposes of their motion to vacate the Clerk's entry of default, because "an ultimate lack of additional contacts between Scented Promotions and this forum may prove fatal to plaintiffs' BLACK ICE claims."  *Id.* at 13-14.  Despite Magistrate Judge Baxter's order vacating the Clerk's entry of default with respect to those claims two months ago, Defendants have not served a responsive pleading with respect to those claims.[1]

## ARGUMENT

"[D]efault procedures 'provide a useful remedy when a litigant is confronted by an obstructionist adversary.  Under such circumstances those procedural rules play a constructive role in maintaining the orderly and efficient administration of justice.'"  *Finkel v. Hall-Mark Elect. Supplies Corp.,* No. 07-CV-2376 (NGG/JO), 2011 U.S. Dist. LEXIS 76716, *7 (E.D.N.Y. July 13, 2011) (quoting *Enron Oil Corp. v.*

---

[1] In the papers they submitted to Magistrate Judge Baxter on their motion to vacate the Clerk's entry of default, Defendants suggested that if the default was vacated on Claims I-V they would make a motion to dismiss those claims for lack of personal jurisdiction.  They have not done so and such a motion would have no merit.  As Magistrate Judge Baxter found, "plaintiffs have made a *prima facie* showing of personal jurisdiction[.]"  ECF Doc. No. 23, p. 13.  That is all that is required at this stage of the action.  To defeat a pre-discovery motion to dismiss for lack of personal jurisdiction, "a plaintiff need only make a *prima facie* showing of personal jurisdiction over a defendant."  *Bacon v. Perini*, No. 1:16-cv-1218 (BKS/CFH), 2017 U.S. Dist. LEXIS 221602, *9 (N.D.N.Y. July 7, 2017).

3538162.2

*Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).  Magistrate Judge Baxter correctly found that Defendants willfully defaulted and that they failed to come forward with any proof of a meritorious defense with respect to their breaches of the Court's prior judgments.  There is no basis to overturn his decision.

## I.   Standard of Review

Magistrate Judge Baxter's order on Defendants' motion to vacate the Clerk's entry of default was a non-dispositive order.  *Burns v. Dailey*, 5:12-cv-0229 (GTS/ATB), 2012 U.S. Dist. LEXIS 175862, *6, n.1 (N.D.N.Y. Dec. 12, 2012) (Suddaby, J.) ("a motion to vacate default is non-dispositive in nature").  This Court reviews a magistrate judge's non-dispositive order to determine if it is clearly erroneous or contrary to law.  *See, e.g., Cruz v. United Auto. Workers Union Local 2300*, 3:18-cv-0048 (GTS/DEP), 2018 U.S. Dist. LEXIS 233209, *5 (N.D.N.Y. Nov. 15, 2018) (Suddaby, C.J.) (citing FED. R. CIV. P. 72(a)).  "'[The] party seeking to overturn a magistrate judge's decision thus carries a heavy burden.'"  *ICM Controls Corp. v. Honeywell Int'l*, 5:12-cv-1766 (LEK/ATB), 2019 U.S. Dist. LEXIS 225676, *27 (N.D.N.Y. Dec. 3, 2019) (alteration in original, citations omitted).

"A finding is clearly erroneous if on the entire evidence, [the reviewing court] is left with the definite and firm conviction that a mistake has been committed."  *Cruz*, 2018 U.S. Dist. LEXIS 233209, at *6 (alteration in original) (internal quotation marks omitted) (quoting *Snyder v. Louisiana*, 552 U.S. 472, 487 (2008)).  "An order is contrary to law 'if it fails to apply or misapplies relevant statutes, case law or rules of procedure.'"  *Cruz*, 2018 U.S. Dist. LEXIS 233209, at *6 (citations omitted).

3538162.2

Defendants do not contend that Magistrate Judge Baxter's decision was contrary to law. He correctly held, and Defendants do not dispute, that "[i]t is . . . well settled that the court may properly deny a motion to vacate an entry of default . . . if it is 'persuaded that the default was willful and is unpersuaded that the defaulting party has a meritorious defense.'" ECF Doc. No. 23, p. 5 n.1 (citation omitted). The Second Circuit and this Court have time and again stated that to be the law. *See, e.g., Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015); *Car-Freshner*, 2012 U.S. Dist. LEXIS 112826, at *24.

Defendants' sole contention on appeal is that Magistrate Judge Baxter's findings, with respect to the willfulness of their default and their failure to show a meritorious defense, were "clearly erroneous." However, Defendants do not and cannot show that Magistrate Judge Baxter's findings were clearly erroneous on either front.

## II.     Magistrate Judge Baxter's Conclusion That Defendants Willfully Defaulted Was Not Clearly Erroneous

Magistrate Judge Baxter's conclusion that Defendants willfully defaulted is unassailable. As Magistrate Judge Baxter expressly found, "Defendants do not deny receiving the summons and complaint, nor do they claim that they were unaware of their obligations as defendants in this lawsuit." ECF Doc. No. 23, p. 6. Although Defendants' conduct smacks of bad faith, Magistrate Judge Baxter correctly noted that willful default does not require bad faith. ECF Doc. No. 23, p. 5. "[A] finding of bad faith is [not] a necessary predicate to concluding that a defendant acted

11

'willfully.'"   *Bricklayers*, 779 F.3d at 187 (internal quotation marks and citation omitted) (alteration in original).   "Rather, it is sufficient to conclude that the defendant defaulted deliberately."   *Id.* (internal quotation marks and citation omitted).   Evidence that a defendant knew of the lawsuit, was represented by counsel, and even requested an extension of time to answer – but still filed no answer – is evidence that a defendant defaulted deliberately.   *See id.* at 186-87.

Applying these principles, Magistrate Judge Baxter properly concluded that Defendants' default was willful.   ECF Doc. No. 23, pp. 5-9.   Indeed, all the factors that led this Court to determine that Warzocha and his company willfully defaulted in the Second Action are present again and support Magistrate Judge Baxter's determination.   *Car-Freshner,* 2012 U.S. Dist. LEXIS 112826, at *16-17.   As in the Second Action, Defendants knew of this lawsuit, they were represented by counsel, and, thus, they "were aware, or reasonably should have been aware, that, without a court order providing otherwise" they had a "duty to file a timely Answer."   *Car-Freshner*, 2012 U.S. Dist. LEXIS 112826, at *19-20.   Yet, as in the Second Action, Defendants took no action to appear in this case for months.   "As a result" of such facts in the Second Action, this Court concluded that "Defendants' default was sufficiently willful to weigh in favor of denying their motion to set aside the default."   *Car-Freshner*, 2012 U.S. Dist. LEXIS 112826, at *20.   Magistrate Judge Baxter properly reached the same conclusion here.

12

Warzocha's track record of flouting his obligations to this Court reinforces the

finding of willful default in this case.  Magistrate Judge Baxter correctly found that

Warzocha's prior conduct was probative:

> Equally troubling is Warzocha's consistent pattern of delay
> in retaining counsel and participating in the various causes
> of action asserted against him and/or his interests over the
> past eighteen years.  *See* No. 7:02-CV-01576 (TJM/DEP)
> (N.D.N.Y.) (where Warzocha appeared on behalf of AFI,
> which was noted to be in default for failing to respond to
> the complaint for almost three months, despite four
> extensions of time having previously been granted); No.
> 7:10-CV-01491 (GTS/DEP) (N.D.N.Y.) (awarding plaintiffs
> partial default judgment for defendants' failure to appear).
> Warzocha's previous conduct before this court, including
> his prior, willful default in the 2010 Action, is probative of
> my current determination.  *See In re Men's Sportswear,
> Inc.*, 834 F.2d 1134, 1139 (2d Cir. 1987) ("[Defendant]
> maintains that the bankruptcy and district courts
> erroneously found [his] default was willful based on the
> behavior of [defendant] and counsel in the prior license
> assumption proceeding.  We disagree.  *The filing of a
> complaint in a new action does not erase a litigant's past
> abuse of the judicial system*.") (emphasis added).

ECF Doc. No. 23, pp. 7-8.  Defendants argue that Magistrate Judge Baxter erred by

considering Warzocha's prior conduct before this Court, but they do not cite any

authority for that assertion.  "[I]t was entirely proper . . . to consider [defendant's]

conduct in the [prior] proceeding when deciding whether [its] default was willful."  *In

re Men's Sportswear*, 834 F.2d 1134, 1139 (2d Cir. 1987).  The record of Warzocha's

prior conduct is plainly probative, both as proof that Warzocha knew of his obligations

as a defendant, and as evidence that willful default is his modus operandi.  *See id.*

Warzocha aside, Magistrate Judge Baxter correctly found that "[t]he

remaining defendants have failed to provide any credible explanation for their

default." ECF Doc. No. 23, p. 8. As Magistrate Judge Baxter accurately noted, "defendants have offered no reason, much less a valid one, for Scented Promotions failure to respond to the complaint." *Id.* at 9. The same is true for Slusarczyk.

Defendants' counsel assert, without any record support, that Slusarczyk did not respond to the Complaint because she "understandably need[ed] to focus on her health and the health of her unborn child." Magistrate Judge Baxter properly disposed of that bald assertion from Defendants' counsel, noting that "'[An attorney's] unsworn statements in a memorandum of law are not evidence.'" ECF Doc. No. 23, p. 8 n.3 (quoting *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 34 (2d Cir. 2012) (citing *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009)). As Magistrate Judge Baxter explained:

> In his sworn declaration, Warzocha states that his daughter Slusarczyk was pregnant during the time in which she owed a response to the complaint. (Dkt. No. 16-2 at ¶ 4). Absent from his declaration is any indication that Slusarczyk was experiencing complications or illness resulting from her pregnancy, impeding her ability to participate in the ensuing litigation. Nor has Slusarczyk herself submitted an affidavit to that effect.

ECF Doc. No. 23, p. 8. It is plain, as Magistrate Judge Baxter held, that "[t]he fact of one's pregnancy, alone, does not constitute a satisfactory reason for declining to participate in pending litigation." *Id.* at 8. Defendants do not cite any contrary authority.

Magistrate Judge Baxter's finding of willful default is also buttressed by Defendants' utter lack of effort to respond to the Complaint, or any part of it, at any time from the commencement of this action to the present day. According to

14

Defendants' counsel, "the record demonstrates that the Defendants have been making diligent efforts to respond to the complaint."  Nothing could be further from the truth.  Defendants never moved for an extension of their time to answer, either before they made their motion to vacate the Clerk's entry of default or at any time while that motion was pending.  They did not do this even for the claims for which they conceded this Court's personal jurisdiction over them (*i.e.*, Claims VI through IX).  Defendants "could have . . . sought an extension of time to answer, and moved to vacate all at the same time since the motions are not mutually exclusive." *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112, 2015 U.S. Dist. LEXIS 195125, *13-14 (S.D.N.Y. March 16, 2015).  The fact that Defendants did not do so, and have exhibited no earnest intention to defend this case on the merits, is further proof their default was willful.  *See Advanced Access*, 2015 U.S. Dist. LEXIS 195125, at *14-15; *Kozik v. Takhar Group Collection Servs., Ltd.*, No. 13-CV-273C, 2014 U.S. Dist. LEXIS 88106, *5 (W.D.N.Y. June 25, 2014) (finding default was willful where, *inter alia*, there was "no indication that, were the court to grant the motion [to vacate the default], the defendants intend to appear, defend, answer the complaint, or move against it").

Moreover, it has now been two months since Magistrate Judge Baxter vacated the Clerk's entry of default with respect to Claims I through V of the Complaint, and Defendants still have not served a responsive pleading with respect to those claims. Their counsel's bald assertion that Defendants "have been making diligent efforts to respond to the complaint" is demonstrably false.

15

Just as it did in the Second Action, the willfulness of Defendants' default in this case "weigh[s] in favor of denying their motion to set aside the default." *Car-Freshner*, 2012 U.S. Dist. LEXIS 112826, at *20. Magistrate Judge Baxter's conclusion on this point was not clearly erroneous.

## III. Magistrate Judge Baxter's Conclusion That Defendants Have Not Shown A Meritorious Defense Was Not Clearly Erroneous

Claims VI and VIII of the Complaint seek relief for Defendants' breaches of the 2003 Consent Judgment. *Complaint*, ¶¶ 124-128, 134-137. The same allegations state a claim for breach of the 2013 Judgment, which is the subject of Claims VII and IX. *Id.*, ¶¶ 129-133, 138-141. We will address the 2013 Judgment first.

### A. The 2013 Judgment

The 2013 Judgment was the result of an offer of judgment, and an acceptance of that offer, under Federal Rule of Civil Procedure 68(a). *Complaint*, ¶¶ 34-36. "Rule 68 offers of judgment and acceptances thereof are contracts to be interpreted according to ordinary contract principles." *Steiner v. Lewmar, Inc.*, 816 F.3d 26, 31 (2d Cir. 2016) (citing *Goodheart Clothing Co. v. Laura Goodman Enters.*, 962 F.2d 268, 272 (2d Cir. 1992)). Thus, if the resulting judgment "appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument without resort to extrinsic evidence of any nature." *Goodheart,* 962 F.2d at 272 (citations omitted). Pursuant to well-settled law, "'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms[.]'" *UBS Fin. Servs. v. W. Va. Univ. Hosps., Inc.*, 660 F.3d 643, 649 (2d Cir. 2011) (citations omitted). Moreover, any ambiguities "will be

16

construed against the party making the [Rule 68] offer." *Steiner*, 816 F.3d at 31.

Magistrate Judge Baxter correctly recognized each of these principles. ECF Doc. No.

23, p. 15.

The Complaint identifies ten breaches of the 2013 Judgment:

a) The use of "little tree" in hidden text on the homepage of www.scentedpromo.com;

b) The use of "little tree" in hidden text on the "Fragrance" page of www.scentedpromo.com;

c) The use of "little tree" in hidden text on the "Our Products" page of www.scentedpromo.com;

d) The use of "Car Freshener" on the "About Us" page of www.scentusa.com;

e) The use of "Car Freshener" on the "About Us" page of www.smellycharms.com;

f) The use of "Car freshener" on a rack card depicted on the "Customized Air Fresheners" page of www.smellycharms.com;

g) The use of the hashtag "#carfreshener" by Scent USA in two distinct promotional posts on Instagram;

h) The use of the hashtag "#notthelittletree" by Scent USA in a different promotional post on Instagram; and

i) The use of "Car Freshener" on the "About Us" page of www.midasusa.com.

*Complaint*, ¶ 74. These breaches are all documented in Plaintiffs' pending motion for

default judgment. *Waite-Holland Decl. I*, ¶¶ 11-19 & Exs. F-N; *Orbach Decl. I*, ¶ 33

& Ex. K.[2]

---

[2] As noted *supra*, Plaintiffs have discovered yet another breach while this action has been pending. *Waite-Holland Decl. II*, at ¶ 9.

17

As Magistrate Judge Baxter found, Defendants "do not deny their conduct as described by plaintiff, nor do they deny that they are bound by the terms of the [2013] Judgment[.]"   ECF Doc. No. 23, p. 14.   The only "defense" they presented to Magistrate Judge Baxter was their counsel's argument that "none of the violations alleged in the Complaint fall within the plain terms of these Judgments."  ECF Doc. No. 16-1, p. 8. As Magistrate Judge Baxter found, that is not a meritorious defense because the 2013 Judgment's plain language prohibits exactly what Defendants have done.

As Magistrate Judge Baxter held, the 2013 Judgment "clearly prohibited the use of the terms 'LITTLE TREE,' 'LITTLE TREES,' 'MAGIC TREE,' and 'CAR FRESHNER' to 'promote or refer to air fresheners on defendants' web sites . . . [and] any form of advertising or promotional materials . . . .'"  ECF Doc. No. 23, p. 17. "Nevertheless, these phrases were undisputedly found on defendants' web sites and advertising/promotional platforms."  *Id.*  The case is clear cut, as Magistrate Judge Baxter correctly determined.  Defendants do not and cannot show that his analysis was "clearly erroneous."

As for violations (a)-(c), Magistrate Judge Baxter properly rejected defense counsel's argument that "hidden text" is not prohibited by the 2013 Judgment.  The plain language of the 2013 Judgment expressly prohibits uses on Defendants' websites, and Defendants do not deny that the hidden text was found on their websites.  As Magistrate Judge Baxter held, "these phrases were undisputedly found on defendants' web sites."  ECF Doc. No. 23, p. 17.

18

Moreover, Warzocha and his company's use of hidden text on their websites was at issue in the Second Action. *Complaint*, ¶ 30. If they did not intend such website use to be included in the 2013 Judgment, the onus was on them to exclude it from their Rule 68 offer. Even if there was any ambiguity (there is not), Magistrate Judge Baxter properly noted that "in light of the unique nature of Rule 68 offers, 'ambiguities will be construed against the party making the offer.'" ECF Doc. No. 23, p. 15 (citations omitted).

Equally specious is Defendants' argument that "there is no evidence that this 'hidden text' has even been seen by any consumer." The plain terms of the 2013 Judgment do not impose any such requirement. In fact, the 2013 Judgment's reference to "meta tags," which are themselves hidden from normal website visitors, shows that the 2013 Judgment's prohibitions are not limited to visible uses.

Likewise, Magistrate Judge Baxter properly rejected defense counsel's argument that violations (g)-(h) were not breaches of the 2013 Judgment because "hashtags" are "not encompassed within the scope" of the 2013 Judgment. The 2013 Judgment's plain terms prohibit any "use of, and reference to, 'LITTLE TREE' . . . and 'CAR FRESHNER,' or the phonetic equivalents, with or without punctuation between the words . . . to promote or refer to air fresheners on . . . any form of advertising or promotional materials . . ." Defendants do not and cannot deny that the offending hashtags were used on promotional Instagram posts for advertising purposes. As Magistrate Judge Baxter held, "these phrases were undisputedly found on defendants' . . . advertising/promotional platforms." ECF Doc. No. 23, p. 17.

3538162.2

Magistrate Judge Baxter also properly rejected defense counsel's argument below that "none of these uses were an attempt to infringe the Plaintiffs' mark or otherwise trade-off the Plaintiffs' purported goodwill."  ECF Doc. No. 16-1, p. 8.  As Magistrate Judge Baxter explained:

> Counsel's arguments that defendants' conduct did not constitute "trademark infringement" are misplaced.  The defendants consented to a permanent injunction being taken against them as described in the Judgment, and whether the restrictions contained therein extend beyond the scope of what would constitute trademark infringement is of no moment regarding plaintiff's claims for breach of contract and judgment violations.

ECF Doc. No. 23, p. 17.  Magistrate Judge Baxter correctly rejected defense counsel's attempt to conflate judgment violations with trademark infringement.

By the same token, Magistrate Judge Baxter correctly rejected defense counsel's argument that violations (d)-(f) and (i) were excused as "nominative fair use."  That may be a defense to a claim for trademark infringement, but there is no "nominative fair use" exception to be found in the plain terms of the 2013 Judgment.  Here again, Magistrate Judge Baxter correctly rejected defense counsel's attempt to conflate judgment violations with trademark infringement.

On appeal, Defendants' counsel now argue, for the first time, that the 2013 Judgment's prohibitions are limited to "trademark usages," or that it is "[a]t the very least . . . reasonably susceptible to more than one interpretation on this issue," based on the language underscored below:

> Defendants shall IMMEDIATELY cease all use of, and reference to, "LITTLE TREE," "LITTLE TREES," "MAGIC TREE," and "CAR FRESHNER," or the phonetic

equivalents, with or without punctuation between the words, <u>as those terms are used to describe Plaintiffs' trademarks with registration numbers 675,796; 798,701; 1,017,831; and 1,990,039, to promote or refer to air fresheners</u> on Defendants' web sites, meta tags, search engine listings, any form of advertising or promotional materials, packaging, and products[.]

Defendants cannot raise this argument on appeal, because they did not present this argument to Magistrate Judge Baxter, either in their motion or in the reply he granted them leave to file. *See* ECF Doc. No. 16-1, pp. 7-9; ECF Doc. No. 22, pp. 8-9. "'[D]istrict courts ordinarily will not consider new arguments, evidence or case law that could have been but were not presented to the magistrate judge . . . .'" *ICM Controls*, 2019 U.S. Dist. LEXIS 225676, at *34 (alteration in original, citations omitted).

In any event, it is clear on the face of the 2013 Judgment that the language on which Defendants' counsel now rely is simply part of the identification of the terms Defendants are prohibited from using, *i.e.*, "Plaintiffs' trademarks." The 2013 Judgment does not state that Defendants are free to use those terms so long as they do not use them "as trademarks."

The decision in *Eksouzian v. Albanese,* 13-cv-00728 (PSG/MAN), 2015 U.S. Dist. LEXIS 104793 (C.D. Cal. Aug. 7, 2015), which Defendants cite for the first time on appeal, and thus should not even be considered, is inapposite. The settlement agreement at issue in that case stated, in pertinent part: "Plaintiffs shall refrain from using the words . . . *as a unitary trademark.*" *Id.* at *21 (emphasis in original). The

21

2013 Judgment does not contain any such language limiting the prohibited uses to uses "as a trademark."[3]

"In any event," Magistrate Judge Baxter concluded, "even assuming, *arguendo*, that the terms of the [2013] Judgment resulting from the defendants' Rule 68 offer were susceptible to differing interpretations, defendants fail to offer any evidence that their conduct was outside its intended scope." ECF Doc. No. 23, p. 17. Defendants do not address this independent basis that Magistrate Judge Baxter provided for his decision, let alone show that it was clearly erroneous.  As Magistrate Judge Baxter explained:

> A defendant seeking to vacate an entry of default "must present some evidence beyond conclusory denials to support his defense." *Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 81 (E.D.N.Y. Dec. 16, 2010) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d at 96).  The test is "whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp v. Diakuhara,* 10. F3d at 98. Here, the moving parties have failed to provide an affidavit from any defendant, or its representative, claiming that their conduct as alleged in violations (a) through (i), was not intended as, and did not constitute, prohibited use under the terms of the Judgment.  As previously discussed, defense counsel's arguments contained in his memorandum of law do not constitute evidence.

---

[3] As an aside, a defendant need not use a plaintiff's mark "as a trademark" even for there to be a claim of trademark infringement. *See, e.g., Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013) ("We . . . decline to adopt the rule that Lanham Act plaintiffs must show that the defendant was using the allegedly infringing content 'as a mark[.]'")  Plaintiffs do not concede that Defendants made no trademark use of the terms at issue, but as Magistrate Judge Baxter properly held, such questions are "of no moment regarding plaintiff's claims for breach of contract and judgment violations." ECF Doc. No. 23, p. 17.

3538162.2

ECF Doc. No. 23, pp. 18.  In other words, even if the 2013 Judgment were open to differing interpretations, Defendants did not come forward with any evidence that they, themselves, interpreted their conduct to be beyond its intended scope. Warzocha, who was an original party to the 2013 Judgment (and one of the Rule 68 offerors) is strikingly silent on the subject in his declaration.  Thus, as Magistrate Judge Baxter found, "[t]he defendants fail to offer any evidence lending credibility to their 'construction' defenses."  *Id.* at 18.

Magistrate Judge Baxter was unquestionably correct in this assessment.  A defendant seeking to vacate a default bears the "burden of offering evidence sufficient to establish a complete defense."  *Bricklayers*, 779 F.3d at 187.  "[C]onclusory assertions" are "insufficient to compel vacatur of an entry of default."  *Id.*  "Although in an answer general denials normally are enough to raise a meritorious defense, the moving party on a motion to reopen a default must support its general denials with some underlying facts."  *Sony Corp. v. ELM State Elecs., Inc.*, 800 F.2d 317, 320-21 (2d Cir. 1986).  *See also Car-Freshner*, 2012 U.S. Dist. LEXIS 112826, at *12 ("[e]vidence must be submitted to support the proposed defense amounting to more than a conclusory denial").  For this reason as well, Defendants have failed to show a meritorious defense with respect to Plaintiffs' claims for breach of the 2013 Judgment.

### B.    The 2003 Consent Judgment

Magistrate Judge Baxter properly determined that Defendants failed to show any meritorious defense with respect to Plaintiffs' claims for breach of the 2003

3538162.2

Consent Judgment, for the same reasons Defendants failed to show any meritorious defense with respect to Plaintiffs' claims for breach of the 2013 Judgment.  The two judgments contain the same essential terms and, as Magistrate Judge Baxter noted, Defendants did not proffer any additional defense with respect to the 2003 Consent Judgment.  ECF Doc. No. 23, p. 14 n.6.  Indeed, if there were any notable difference between the two judgments, it would be that the 2003 Consent Judgment does not contain the language which Defendants' counsel now argue limits the 2013 Judgment's prohibitions to "trademark usages."  That strained linguistic argument, which is both untimely (being raised for the first time on appeal) and meritless as it concerns the 2013 Judgment, simply would have no application to the 2003 Consent Judgment.

## CONCLUSION

Magistrate Judge Baxter's order denying Defendants' motion to vacate the Clerk's entry of default with respect to Claims VI through IX of the Complaint should be upheld.

24

3538162.2

Dated: May 8, 2020

BOND, SCHOENECK & KING, PLLC

By: _s/Louis Orbach_

     Louis Orbach (507815)
     Liza R. Magley (519849)
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8000
Email: lorbach@bsk.com
Email: lmagley@bsk.com

*Attorneys for Plaintiffs*

25