IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF NEW YORK

| | |
|---|---|
| CAR-FRESHENER CORPORATION, *et al.* | Case No. 5:19-cv-01158-GTS-ATB |
| Plaintiffs, | |
| v. | **MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS COUNTS I-V OF THE COMPLAINT PURSUANT TO FED. R. CIV. P 12(B)(2) FOR LACK OF PERSONAL JURISDICTION** |
| SCENTED PROMOTIONS, LLC, *et al.* | |
| Defendants. | |

Defendants Scented Promotions, LLC ("Scented Promotions"), Paulina Slusarczyk and Slawomir M. Warzocha respectfully submit the following Memorandum in Support of their Motion to Dismiss Counts I-V of the Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction as to each of them.

i

## TABLE OF CONTENTS

| | | |
|---|---|---|
| **I.** | **Factual Background** | 1 |
| **II.** | **Argument** | 2 |
| | **A. This Court Lacks General Personal Jurisdiction Over Any of the Defendants.** | 2 |
| | **B. This Court Lacks Specific Personal Jurisdiction Over Any of the Defendants With Respect to the Allegations of Infringement of the BLACK ICE Mark.** | 4 |
| |     **1. The Plaintiff's Contrived Sale of an Allegedly Infringing Product into this District Cannot Support Specific Personal Jurisdiction** | 6 |
| |     **2. Scented Promotions Website, Even if it is Interactive, Standing Alone is Insufficient to Support Specific Personal Jurisdiction.** | 7 |
| |     **3. The Court has no Specific Personal Jurisdiction over Either of the Individual Defendants.** | 9 |
| **III.** | **Conclusion** | 11 |


# TABLE OF AUTHORITIES

**Cases:**

*Aquiline Capital Partners LLC v. FinArch LLC*, 861 F. Supp. 2d 378, 386 (S.D.N.Y. 2012). — 4

*Beijing Daddy's Choice Sci. & Tech. Co. v. Plnduoduo Inc.* No. 18 Civ. 6504 (NRB)(S.D. N.Y. Aug. 16, 2019). — 7

*Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir. 2007) — 8

*Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016). — 2, 3

*Buccellati Holding Italia SPA v. Laura Buccellati, LLC*, 935 F. Supp. 2d at 623 (S.D.N.Y. 2013). — 6, 7

*Chloe, Div. of Richemont N.A., Inc. v. Queen Bee of Beverly Hills*, 571 F. Supp. 2d 518, 528-30 (S.D.N.Y. 2008) — 8

*Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) — 2, 3

*Edberg v. Neogen Corp.,* 17 F.Supp.2d 104, 112 (D.Conn.1998) — 7

*Elbex Video Kabushiki Kaisha v. Taiwan Regular Elec. Co.,* 93 Civ. 6160(KMW), 1995 WL 224774, at *2-3 (S.D.N.Y. Apr. 14, 1995) — 7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011). — 2

*Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) — 3

*International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). — 3

*ISI Brands, Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81, 87-88 (E.D.N.Y. 2006). — 7

*Lopez v. Shopify, Inc.*, 2017 U.S. Dist. LEXIS 7708, at *5 (S.D.N.Y. May 23, 2017) — 3

*Mattel v. Anderson,* No. 04 Civ. 5275(RCC), 2005 WL 1690528, at *2 (S.D.N.Y. July 18, 2005) — 7

*McGowan v. Smith*, 52 N.Y.2d 268, 271, 419 N.E.2d 321, 437 N.Y.S.2d 643 (1981). — 4

*Research Found. of State Univ. of New York v. Bruker Corp.*, No. 1:09-CV-00071, 2010 WL 981304, at *8 (N.D.N.Y. Mar. 15, 2010) (Kahn, J.). ... 8

*Rvdirect.Com v. Worldwide RV,* No. 1:10-CV-0701 (LEK/DRH) (N.D.N.Y.) ... 8

*Sonera Holding B.V. v. Çukurova Holding A.S.*, 750 F.3d 221, 226 (2d Cir. 2014) ... 3

*Stewart v. Vista Point Verlag,* No. 99 Civ. 4425(LAP), 2000 WL 1459839, at *4 (S.D.N.Y. Sept.29, 2000) ... 7

**Statutes:**

NY CPLR § 302(a)(1) ... 4, 5, 8

I. **Factual Background**

Scented Promotions is a corporation organized under the laws of the State of Nevada and has its principal and only place of business in Las Vegas, NV. (See Declaration of Scented Promotions ¶3). Defendant Paulina Slusarczyk is a resident of, and domiciled in the State of Nevada (See Slusarczyk Declaration ¶1). Defendant Slawomir M. Warzocha is a resident of, and domiciled in the State of Nevada. (See Warzocha Declaration ¶1). Neither Scented Promotions, nor either of the individual Defendants, own or lease any place of business, office or residence in New York. (See Declaration of Scented Promotions ¶4; Slusarczyk Declaration ¶3; Warzocha Declaration ¶3). Scented Promotions does not have any employees who reside in New York. (See Declaration of Scented Promotions ¶5). Similarly, neither Paulina Slusarczyk nor Slawomir M. Warzocha employ any New York resident. (See Slusarczyk Declaration ¶4; Warzocha Declaration ¶4). Neither Scented Promotions, nor either of the individual Defendants, have any bank accounts in New York, either in their own names or with any other person or entity. (See Declaration of Scented Promotions ¶6; Slusarczyk Declaration ¶5; Warzocha Declaration ¶5). Neither Scented Promotions, nor either of the individual Defendants, pay any taxes in New York. (See Declaration of Scented Promotions ¶7; Slusarczyk Declaration ¶6; Warzocha Declaration ¶6). Neither Scented Promotions, nor either of the individual Defendants, attend any trade shows in New York. (See Declaration of Scented Promotions ¶10; Slusarczyk Declaration ¶7; Warzocha Declaration ¶7). Scented Promotions does not design or manufacture its products in New York. (See Declaration of Scented Promotions ¶8-9). Neither of the individual Defendants have ever engaged in any design or manufacture of products in New York. (See Slusarczyk Declaration ¶8; Warzocha Declaration ¶8). Other than the contrived sale of the allegedly infringing product to the Plaintiffs' agent Ms. Waite-Holland, Scented Promotions has not sold

any product allegedly bearing the mark BLACK ICE in New York.  (See Declaration of Scented Promotions ¶11).  This sale amounted to only $100, and was not connected to the business of Scented Promotions, instead it was purchased through smellycharms.com (See Declaration of Scented Promotions ¶14).  In 2019, Scented Promotions had only a single sale to a customer in New York and that sale accounted for less than 0.05% of Scented Promotions total sales in 2019.  (See Declaration of Scented Promotions ¶12).  The single sale in 2019 to a New York customer was for a product not implicated in this case.  (See Declaration of Scented Promotions ¶13).

## II.     Argument

### A. This Court Lacks General Personal Jurisdiction Over Any of the Defendants.

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011).  Moreover, Due Process prohibits courts from exercising general jurisdiction over businesses unless their "affiliations with the State" in which suit is brought are so constant and pervasive as to render it "essentially at home in the forum State." *Id* at 919.  The paradigmatic forum for the exercise of general jurisdiction is a business's place of incorporation and principle place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (holding California court lacked general jurisdiction over a defendant that was not incorporated in California and did not have its principal place of business in California). "Only in the 'exceptional' case will another jurisdiction be entitled to exercise such sweeping powers as the use of its adjudicatory authority to decide matters unrelated to its citizens or to affairs within its borders." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016). "[W]hen a corporation is neither incorporated nor maintains its principle place of business in a state, mere contacts, no matter how 'systemic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case.'" *Id*. at 629.

2

It would be "unacceptably grasping" to "exercise . . . general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.'" *Daimler AG*, 134 S. Ct. at 761. Thus, even "continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Id*. at 757 (*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)). "The Second Circuit post-*Goodyear* and *Daimler* has repeatedly emphasized how strict this test is." *Lopez v. Shopify, Inc.*, 2017 U.S. Dist. LEXIS 7708, at *5 (S.D.N.Y. May 23, 2017) (citing *Brown v. Lockheed Martin Corp.*, 814 F.3d at 629; *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) ("Aside from 'an exceptional case,' the [Supreme] Court explained [in *Daimler*], a corporation is at home . . . only in a state that is the company's formal place of incorporation or its principal place of business."); *Sonera Holding B.V. v. Çukurova Holding A.S.*, 750 F.3d 221, 226 (2d Cir. 2014) ("[A]lthough *Daimler* and *Goodyear* d[o] not hold that a corporation may be subject to general jurisdiction only in a forum where it is incorporated or has its principal place of business, those cases make clear that even a company's 'engage[ment] in a substantial, continuous, and systematic course of business' is alone insufficient to render it at home in a forum."(citations omitted)).

Here, it is clear that the Court lacks general personal jurisdiction over any of the Defendants. Individual Defendants Paulina Slusarczyk and Slawomir M. Warzocha are domiciled in Nevada. (See Slusarczyk Declaration ¶1; Warzocha Declaration ¶1). Neither are domiciled in New York, therefore there is no general jurisdiction over them in New York. Scented Promotions is a corporation organized under the laws of the State of Nevada and has its principal and only place of business in Las Vegas, NV. (See Declaration of Scented Promotions ¶3). In 2019, Scented Promotions had only a single sale to a customer in New York and that sale

3

accounted for only 0.03% of Scented Promotions total sales in 2019. (See Declaration of Scented Promotions ¶12). The single sale in 2019 to a New York customer was for a product not implicated in this case. (See Declaration of Scented Promotions ¶13). Scented Promotions is not "essentially at home" in New York and is not amenable to general jurisdiction in New York.

### B. This Court Lacks Specific Personal Jurisdiction Over Any of the Defendants With Respect to the Allegations of Infringement of the BLACK ICE Mark.

Without recourse to general personal jurisdiction, the Plaintiffs must carry their burden of proof of personal jurisdiction by properly alleging that this Court has specific personal jurisdiction over all of the Defendants. They have failed to do so.[1]

New York's long-arm statute permits personal jurisdiction over a non-domiciliary under CPLR 302(a)(1) only when the "nondomiciliary . . . 'transact[s] business' within the state; [and] the claims against the nondomiciliary . . . arise out of that business activity." *Aquiline Capital Partners LLC v. FinArch LLC*, 861 F. Supp. 2d 378, 386 (S.D.N.Y. 2012). Plaintiffs asserting jurisdiction under CPLR § 302(a)(1) must also show "some articulable nexus" between the business transaction relied upon for establishing specific jurisdiction and the cause of action, *McGowan v. Smith*, 52 N.Y.2d 268, 271, 419 N.E.2d 321, 437 N.Y.S.2d 643 (1981).

Here the Plaintiffs have not identified what section of the New York Long Arm Statute they rely on to establish specific personal jurisdiction. As best as the Defendants can understand the Complaint, which offers next to nothing in terms of establishing the Court's proper exercise of personal jurisdiction over any of the Defendants, the Plaintiffs are relying on CPLR §

---

[1] Counts I-V of the Complaint allege causes of action for infringement of the Plaintiff's BLACK ICE mark. It should be noted that these claims are not in any way related to the prior judgments which were entered by this Court. Thus, the judgments do not provide any basis for this Court to exercise personal jurisdiction over the Defendants with respect to the new BLACK ICE claims.

4

302(a)(1) as their basis for specific personal jurisdiction.[2] The Complaint fails to allege any facts that demonstrate that the individual Defendants, Mr. Warzocha and Ms. Slusarczyk, are subject to specific personal jurisdiction in this District under the New York Long Arm Statute, for infringement of the BLACK ICE mark. Furthermore, the Complaint merely alleges, with respect to personal jurisdiction over Scented Promotions as follows:

> 9. Upon information and belief, Scented Promotions operates a business that sells, offers for sale, distributes, and advertises air fresheners across the United States, including in the Northern District of New York, and maintains and operates a number of active websites accessible in this District and elsewhere for those purposes, including www.scentusa.com, www.autocharms.com, www.scentedpromo.com, www.smellycharms.com, and www.midasusa.com, as well as an active Instagram account.
>
> 10. Upon information and belief, Scented Promotions' recent sales include the sale and delivery of air fresheners to a customer in Philadelphia, New York on June 14, 2019.

Neither of the paragraphs in the Complaint establish that the Court has personal jurisdiction over Scented Promotions. As will be demonstrated below, the only sale of the accused products in New York is a sale contrived by the Plaintiff and it cannot be the basis for personal jurisdiction. Second, Scented Promotions' website, whether interactive or not, cannot, standing alone, be a basis for personal jurisdiction in New York. Since the Plaintiffs have not carried their burden of establishing personal jurisdiction with respect to the BLACK ICE infringement counts, the Court must dismiss them.

---

[2] The following analysis would not change under any of the other sections of the New York Long Arm Statute.

### 1. The Plaintiff's Contrived Sale of an Allegedly Infringing Product into this District Cannot Support Specific Personal Jurisdiction.

The Complaint alleges a single sale in New York by Scented Promotions of a product allegedly infringing the BLACK ICE mark, and the Plaintiffs now admit that their agent contrived this sale. As shown in ECF Document #17-1 at paragraph 7 and the accompanying Exhibit "B," the Plaintiffs' agent, Ms. Waite-Holland, initiated a purchase of products allegedly marked with the BLACK ICE mark for delivery into this district. The Plaintiffs have not denied this, and indeed admitted it in their response to the Defendants Motion to Vacate. Thus, the only sale of the allegedly infringing product in New York, was made to the Plaintiffs' agent, Ms. Waite-Holland. The evidence is uncontroverted that such a sale is a contrived sale.

"[T]he vast weight of authority is that a finding of personal jurisdiction may not rest solely on an act . . . instigated by a plaintiff." *Buccellati Holding Italia SPA v. Laura Buccellati, LLC*, 935 F. Supp. 2d at 623 (S.D.N.Y. 2013). "The logic of these cases is that a plaintiff cannot rely solely on its own manipulative acts to create jurisdiction, and that in such circumstances the defendant cannot be said to have purposefully availed itself of the privilege of conducting activities in the state selected by plaintiff." *Id.* at 624. "Moreover, in cases where, as here, [plaintiffs'] causes of action are founded on notions of consumer confusion, courts have concluded that it is improper to rely on a transaction — for jurisdictional purposes — in which the purchaser obviously was not confused as to the source of the merchandise." *Id.* Thus, any orchestrated sales into New York cannot be used to establish personal jurisdiction over Defendants in this case.

6

*Buccellati Holding* contains a substantial discussion of the many other cases which have held that plaintiff-contrived sales are not legitimate bases for personal jurisdiction.[3] In *Buccellati Holding*, the court held that a sale of a single handbag to the plaintiff's investigator, which was the only sale of the alleged infringing handbag in New York, was not an appropriate basis for personal jurisdiction. In the present case, the single sale of the allegedly infringing BLACK ICE product was made to the Plaintiffs' agent Ms. Waite-Holland, and is the only sale of the allegedly infringing product in New York. *Buccellati Holding* is exactly on-point with the facts of this case.[4] As such, the Court must dismiss Counts I-V of the Complaint because specific personal jurisdiction cannot be based on activities instigated by the Plaintiff.

### 2. Scented Promotions Website, Even if it is Interactive, Standing Alone is Insufficient to Support Specific Personal Jurisdiction.

Scented Promotions' use of its website, without more, is not enough to establish personal jurisdiction in New York. *See ISI Brands, Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81, 87-88 (E.D.N.Y. 2006). Instead, Plaintiffs must show at least "some degree of commercial activity occurred in New York" and that their claims arise out of this activity. *Id.* The Complaint fails to establish personal jurisdiction, because it fails to establish commercial activity in New York, by virtue of Defendant's websites.

---

[3] *See e.g. Mattel v. Anderson,* No. 04 Civ. 5275(RCC), 2005 WL 1690528, at *2 (S.D.N.Y. July 18, 2005) (holding that purchase by plaintiff's investigator did not confer specific jurisdiction because the purchase "ha[d] nothing to do with" the trademark infringement claims since the purchaser "cannot claim to have been confused as to with whom he was dealing"); *Stewart v. Vista Point Verlag,* No. 99 Civ. 4425(LAP), 2000 WL 1459839, at *4 (S.D.N.Y. Sept.29, 2000) (holding that plaintiff's order of allegedly infringing product did not confer jurisdiction because this contact was initiated by plaintiff, not defendant); *Elbex Video Kabushiki Kaisha v. Taiwan Regular Elec. Co.,* 93 Civ. 6160(KMW), 1995 WL 224774, at *2-3 (S.D.N.Y. Apr. 14, 1995) (holding that exercise of jurisdiction based on single sale arranged by plaintiff "would offend traditional notions of `fair play and substantial justice.'"); *Edberg v. Neogen Corp.,* 17 F.Supp.2d 104, 112 (D.Conn.1998) (holding that sale initiated by plaintiff did not support jurisdiction because "under such circumstances a defendant cannot be said to have purposefully availed itself of the forum").

[4] *Buccellati Holding* continues to be cited for the proposition that "the vast weight of authority recognizes that a plaintiff cannot rely on the manipulative acts of its own agent to create jurisdiction." *See Beijing Daddy's Choice Sci. & Tech. Co. v. Plnduoduo Inc.* No. 18 Civ. 6504 (NRB)(S.D. N.Y. Aug. 16, 2019).

Even if it were true that Scented Promotions operated a "highly interactive, commercial website," a fact which Scented Promotions does not concede, this fact alone does not permit the exercise of personal jurisdiction over the Scented Promotions by this Court. In *Rvdirect.Com v. Worldwide RV,* No. 1:10-CV-0701 (LEK/DRH) (N.D.N.Y. December 21, 2010), the court noted:

> the level of activity a defendant's website employs does not singularly control the jurisdictional analysis. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir. 2007) ("a website's interactivity may be useful for analyzing personal jurisdiction under section 302(a)(1), but only insofar as it helps to decide whether the defendant transacts any business in New York-that is, whether the defendant, through the website, purposefully availed himself of the privilege of conducting activities within New York, thus invoking the benefits and protections of its laws.") (quotation marks, citations, and alterations omitted); *see also Research Found. of State Univ. of New York v. Bruker Corp.*, No. 1:09-CV-00071, 2010 WL 981304, at *8 (N.D.N.Y. Mar. 15, 2010) (Kahn, J.). The court in *Chloe, Div. of Richemont N.A., Inc. v. Queen Bee of Beverly Hills*, 571 F. Supp. 2d 518, 528-30 (S.D.N.Y. 2008) *rev'd on other grounds*, supplies a more thorough and updated review of this, and other circuits' decisions on the issue than that provided in *Hsin*. It notes that in *Hsin* and many other cases that found jurisdiction to be proper over defendants' operating interactive websites, the defendant's additional contacts with the forum seized much of the courts' attention. *Id.* at 528-29 (citations omitted). The *Chloe* court reiterated a suggestion voiced in prior district court decisions on this issue, "that it is not the interactive website itself, but sales or other contacts made through such a website, that are significant for jurisdictional purposes." Id. at 529.
>
> This Court agrees with the *Chloe* court and others' conclusion, that § 302 requires "some additional evidence of a defendant's 'purposeful availment' of the forum beyond that defendant's maintenance of an interactive commercial website, even when the website permits consumers to place orders online." *Id.* (*citing Best Van Lines*, 490 F.3d at 252).

Thus, it is quite clear from the case law, that even if the Defendants had an interactive website, which they do not concede, that fact standing alone would not confer personal jurisdiction over the Defendants in this Court under Section 302(a)(1) of the New York Long Arm Statute.

The Plaintiffs attempt to demonstrate "some additional evidence of a defendant's 'purposeful availment' of the forum beyond that defendant's maintenance of an interactive commercial website," by pointing to the sale of the allegedly infringing product, which was contrived by their agent. As demonstrated in Section II(B)(2) above this contrived sale cannot be a basis for personal jurisdiction in this district. In point of fact, in 2019, Scented Promotions had only a single sale to a customer in New York and that sale accounted for less than 0.05% of Scented Promotions total sales in 2019. (See Declaration of Scented Promotions ¶12). The single sale in 2019 to a New York customer was for a product not implicated in this case. (See Declaration of Scented Promotions ¶13). The Plaintiffs cannot demonstrate any "additional evidence of a defendant's 'purposeful availment' of the forum beyond that defendant's maintenance of an interactive commercial website," because the Defendants simply have not availed themselves of participation in the New York market. The Plaintiffs have not presented any evidence of such availment, because none exists.

3. **The Court has no Specific Personal Jurisdiction over Either of the Individual Defendants.**

As has already been demonstrated, the individual Defendants, Paulina Slusarczyk and Slawomir M. Warzocha, have no contacts with New York, and thus the Court has no general or specific personal jurisdiction over them. Individual Defendants Paulina Slusarczyk and Slawomir M. Warzocha are both domiciled in Nevada. Neither of the individual Defendants own or lease any place of business, office or residence in New York. (See Slusarczyk Declaration ¶3; Warzocha Declaration ¶3). Neither of the individual Defendants employ any New York resident. (See Slusarczyk Declaration ¶4; Warzocha Declaration ¶4). Neither of the individual Defendants have any bank accounts in New York. (See Slusarczyk Declaration ¶5; Warzocha Declaration ¶5). Neither of the individual Defendants pay taxes in New York (See

Slusarczyk Declaration ¶6; Warzocha Declaration ¶6). Neither of the individual Defendants have ever engaged in any design or manufacture of products in New York. (See Slusarczyk Declaration ¶8; Warzocha Declaration ¶8) Neither of the individual Defendants are engaged in or have engaged in any activity on behalf of Scented Promotions or any other person or entity in New York. (See Slusarczyk Declaration ¶9; Warzocha Declaration ¶9). The Plaintiffs, who bear the burden of demonstrating the Court has personal jurisdiction in this case, have not identified any contacts the Individual Defendants have with this forum, because none exist.

      The Plaintiffs allege that individual Defendants Warzocha and Slusarczyk were personally involved in the marketing and sales of the allegedly infringing merchandise, and therefore, Scented Promotions' activities may be imputed to them. Individual Defendants Warzocha and Slusarczyk, deny these allegations. Even if these allegations were true, which they are not, since the Court lacks personal jurisdiction over Scented Promotions as outlined above in Sections II(B)(1) and II(B)(2), the Court also lacks personal jurisdiction over the Defendants Warzocha and Slusarczyk for any imputed acts of Scented Promotions. The Plaintiffs have not demonstrated that the Court has specific personal jurisdiction over either of the individual Defendants, and the Court does not have such jurisdiction, because the individual Defendants have no contacts with this forum. The Plaintiffs' attempt to bootstrap personal jurisdiction for the individual Defendants by "imputing" the acts of Scented Promotions also fails, because the Court lacks specific personal jurisdiction over Scented Promotions as well. For all these reasons, the Court lacks personal jurisdiction over all of the Defendants as to Counts I-V of the Complaint, and therefore, these Counts must be dismissed.

**III.   Conclusion**

For the reasons presented herein, the Defendants respectfully request that the Court GRANT their Motion to Dismiss Counts I-V of the Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

                                    Respectfully submitted,

                                    s/Byron A. Bilicki
                                    Byron A. Bilicki, Esq.
                                    Carl A. Hjort, III, Esq.
                                    The Bilicki Law Firm, P.C.
                                    1285 North Main Street
                                    Jamestown, NY 14701
                                    Phone: (716) 664-5600
                                    Email: babilicki@bilickilaw.com
                                    *Counsel for the Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 13, 2020, the foregoing Memorandum In Support of the Motion to Dismiss for Lack of Personal Jurisdiction was electronically filed via CM/ECF in the United States District Court for the Northern District of New York, and thereafter electronically served upon:

<div style="text-align:center">

Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202

Louis Orbach - lorbach@bsk.com
Liza R. Magley - lmagley@bsk.com

</div>

      Respectfully submitted,

      s/Carl A. Hjort, III

      Carl A. Hjort, III