**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

CAR-FRESHNER CORPORATION, *et al.*    )
    )
                    Plaintiffs,    )
    )   Case No. 5:19-cv-01158-GTS-ATB
                       v.    )
    )   **ANSWER**
SCENTED PROMOTIONS, LLC, *et al.*    )
    )
                   Defendants.    )
    )

Now comes Defendants Scented Promotions, LLC ("Scented Promotions"), Paulina Slusarczyk and Slawomir M. Warzocha, by and through undersigned counsel, and for their Answer to the Complaint state as follows:

INTRODUCTION

1. The Defendants admit that the Plaintiffs have twice commenced actions in this Court against Warzocha and/or his business, and deny all other allegations in paragraph 1.

JURISDICTION AND VENUE

2. The Defendants admit the Plaintiff alleges those claims, but deny said claims are properly brought against the Defendants.

3. The allegations of paragraph 3 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

4. The Defendants deny the allegations of paragraph 4.

5. The Defendants deny the allegations of paragraph 5.

PARTIES

6.  The Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 6 and therefore deny same.

7.  The Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 7 and therefore deny same.

8.  The Defendants admit the allegations of paragraph 8.

9.  The Defendants deny the allegations of paragraph 9.

10. The Defendants admit that a contrived sale to a customer in Philadelphia, New York occurred, but deny that said sale was a *bona fide* sale.

11. The Defendants deny the allegations of paragraph 11.

12. The Defendants deny the allegations of paragraph 12.

13. The Defendants admit that Slusarczyk is Warzocha's daughter, and otherwise deny the allegations of paragraph 13.

14. The Defendants admit that Warzocha is Slusarczyk's father, and otherwise deny the allegations of paragraph 14.

15. The Defendants deny the allegations of paragraph 15.

16. The Defendants deny the allegations of paragraph 16.

PLAINTIFF'S BUSINESS AND TRADEMARKS

17.  The Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 17 and therefore deny same.

18. The Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 18 and therefore deny same.

19. The Defendants are without information or knowledge sufficient to form a belief as

to the veracity of the allegations of paragraph 19 and therefore deny same.

20. The Defendants admit that the Plaintiffs purport to own the federal trademark registrations recited in paragraph 20, but aver that they are without information or knowledge sufficient to form a belief as to the filing date; the dates of first use; the veracity of such ownership claims; or the validity of said registrations; and therefore deny same and require strict proof of same at trial.

21. Paragraph 21 is a conclusion of law to which no answer is required; to the extent an answer is required, the Defendants deny the allegations of paragraph 21.

## THE PRIOR LAWSUITS AND JUDGMENTS

22. The allegations of paragraph 22 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

23. The allegations of paragraph 23 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

24. The allegations of paragraph 24 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

25. The allegations of paragraph 25 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

26. The allegations of paragraph 26 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a

response is required, the allegations in this paragraph are denied.

27. The allegations of paragraph 27 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

28. The allegations of paragraph 28 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

29. The allegations of paragraph 29 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

30. The allegations of paragraph 30 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

31. The allegations of paragraph 31 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

32. The allegations of paragraph 32 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

33. The allegations of paragraph 33 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

34. The allegations of paragraph 34 pertain to Counts VI-IX, upon which judgment has

already been entered, and to which no response is required.  To the extent a

response is required, the allegations in this paragraph are denied.

35. The allegations of paragraph 35 pertain to Counts VI-IX, upon which judgment has

already been entered, and to which no response is required.  To the extent a

response is required, the allegations in this paragraph are denied.

36. The allegations of paragraph 36 pertain to Counts VI-IX, upon which judgment has

already been entered, and to which no response is required.  To the extent a

response is required, the allegations in this paragraph are denied.

37. The allegations of paragraph 37 pertain to Counts VI-IX, upon which judgment has

already been entered, and to which no response is required.  To the extent a

response is required, the allegations in this paragraph are denied.

38. The allegations of paragraph 38 pertain to Counts VI-IX, upon which judgment has

already been entered, and to which no response is required.  To the extent a

response is required, the allegations in this paragraph are denied.

39. The allegations of paragraph 39 pertain to Counts VI-IX, upon which judgment has

already been entered, and to which no response is required.  To the extent a

response is required, the allegations in this paragraph are denied.

40. The allegations of paragraph 40 pertain to Counts VI-IX, upon which judgment has

already been entered, and to which no response is required.  To the extent a

response is required, the allegations in this paragraph are denied.

DEFENDANTS HAVE CONTINUED THE BUSINESS OF AIR FRESHENERS,
INC. AND VIOLATED THE JUDGMENT

41. The allegations of paragraph 41 pertain to Counts VI-IX, upon which judgment has

already been entered, and to which no response is required.  To the extent a

response is required, the allegations in this paragraph are denied.

42. The allegations of paragraph 42 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

43. The allegations of paragraph 43 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

44. The allegations of paragraph 44 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

45. The allegations of paragraph 45 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

Continuity of Key Personnel

46. The allegations of paragraph 46 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

47. The allegations of paragraph 47 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

48. The allegations of paragraph 48 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

49. The allegations of paragraph 49 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

50. The allegations of paragraph 50 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

51. The allegations of paragraph 51 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

52. The allegations of paragraph 52 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

53. The allegations of paragraph 53 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

54. The allegations of paragraph 54 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

55. The allegations of paragraph 55 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

56. The allegations of paragraph 56 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a

response is required, the allegations in this paragraph are denied.

57. The allegations of paragraph 57 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

58. The allegations of paragraph 58 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

59. The allegations of paragraph 59 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

Continuity of Location

60. The allegations of paragraph 60 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

61. The allegations of paragraph 61 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

62. The allegations of paragraph 62 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

63. The allegations of paragraph 63 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

Continuity of Trade Name

64. The allegations of paragraph 64 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

65. The allegations of paragraph 65 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

66. The allegations of paragraph 66 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

67. The allegations of paragraph 67 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

Continuity of Web Address

68. The allegations of paragraph 68 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

69. The allegations of paragraph 69 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

Continuity of Business

70. The allegations of paragraph 70 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a

response is required, the allegations in this paragraph are denied.

71. The allegations of paragraph 71 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

72. The allegations of paragraph 72 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

Defendants' Judgment Violations

73. The allegations of paragraph 73 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

74. The allegations of paragraph 74 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

DEFENDANTS HAVE ALSO INFRINGED PLAINTIFFS' BLACK ICE TRADEMARKS

75. The Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 75 and therefore deny same.

76. The Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 76 and therefore deny same.

77. The Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 77 and therefore deny same.

78. The Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 78 and therefore deny same.

79. The Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 79 and therefore deny same.

80. The Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 80 and therefore deny same.

81. The Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 81 and therefore deny same.

82. The Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 82 and therefore deny same.

83. The Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 83 and therefore deny same.

84. The Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 84 and therefore deny same.

85. The Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 85 and therefore deny same.

86. The Defendants admit that the Plaintiffs purport to own the federal trademark registrations recited in paragraph 20, but aver that they are without information or knowledge sufficient to form a belief as to the filing date; the dates of first use; the veracity of such ownership claims; or the validity of said registrations; and therefore deny same and require strict proof of same at trial.

87. The Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 85 and therefore deny same.

88. Paragraph 88 is a conclusion of law to which no answer is required; to the extent an answer is required, the Defendants deny the allegations of paragraph 88.

89. The Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 89 and therefore deny same.

90. The Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegations of paragraph 90 and therefore deny same.

91. The Defendants deny the allegations of paragraph 91.

92. The Defendants admit the allegations of paragraph 92.

93. The Defendants deny the allegations of paragraph 93.

94. The Defendants deny the allegations of paragraph 94.

95. The Defendants deny the allegations of paragraph 95.

96. The Defendants deny the allegations of paragraph 96.

CLAIMS FOR RELIEF

CLAIM I
INFRINGEMENT OF A REGISTERED TRADEMARK
(Federal)

97. The Defendants reiterate and re-aver each and every one of the preceding averments as if fully re-written and restated here.

98. The Defendants deny the allegations of paragraph 98.

99. The Defendants deny the allegations of paragraph 99.

100.   The Defendants deny the allegations of paragraph 100.

101.   The Defendants deny the allegations of paragraph 101.

102.   The Defendants deny the allegations of paragraph 102.

CLAIM II
TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
(Federal)

103.   The Defendants reiterate and re-aver each and every one of the preceding

averments as if fully re-written and restated here.

104.    The Defendants deny the allegations of paragraph 104.

105.    The Defendants deny the allegations of paragraph 105.

106.    The Defendants deny the allegations of paragraph 106.

107.    The Defendants deny the allegations of paragraph 107.

108.    The Defendants deny the allegations of paragraph 108.

CLAIM III
TRADEMARK DILUTION
(Federal)

109.    The Defendants reiterate and re-aver, each and every one of the preceding

averments as if fully re-written and restated here.

110.    The Defendants are without information or knowledge sufficient to form a belief

as to the veracity of the allegations of paragraph 110 and therefore deny same.

111.    The Defendants deny the allegations of paragraph 111.

112.    The Defendants deny the allegations of paragraph 112.

113.    The Defendants deny the allegations of paragraph 113.

114.    The Defendants deny the allegations of paragraph 114.

CLAIM IV
VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 306-l

115.    The Defendants reiterate and re-aver each and every one of the preceding

averments as if fully re-written and restated here.

116.    The Defendants deny the allegations of paragraph 116.

117.    The Defendants deny the allegations of paragraph 117.

118.    The Defendants deny the allegations of paragraph 118.

CLAIM V
TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
(Common Law)

119.  The Defendants reiterate and re-aver each and every one of the preceding

averments as if fully re-written and restated here.

120.  The Defendants deny the allegations of paragraph 120.

121.  The Defendants deny the allegations of paragraph 121.

122.  The Defendants deny the allegations of paragraph 122.

123.  The Defendants deny the allegations of paragraph 123.

CLAIM VI
VIOLATION OF THIS COURT'S 2003 CONSENT JUDGMENT

124.  The allegations of paragraph 124 pertain to Counts VI-IX, upon which judgment

has already been entered, and to which no response is required.  To the extent a

response is required, the allegations in this paragraph are denied.

125.  The allegations of paragraph 125 pertain to Counts VI-IX, upon which judgment

has already been entered, and to which no response is required.  To the extent a

response is required, the allegations in this paragraph are denied.

126.  The allegations of paragraph 126 pertain to Counts VI-IX, upon which judgment

has already been entered, and to which no response is required.  To the extent a

response is required, the allegations in this paragraph are denied.

127.  The allegations of paragraph 127 pertain to Counts VI-IX, upon which judgment

has already been entered, and to which no response is required.  To the extent a

response is required, the allegations in this paragraph are denied.

128.  The allegations of paragraph 128 pertain to Counts VI-IX, upon which judgment

has already been entered, and to which no response is required.  To the extent a

response is required, the allegations in this paragraph are denied.

CLAIM VII
VIOLATION OF THIS COURT'S 2013 JUDGMENT

129.    The allegations of paragraph 129 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

130.    The allegations of paragraph 130 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

131.    The allegations of paragraph 131 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

132.    The allegations of paragraph 132 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

133.    The allegations of paragraph 133 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

CLAIM VIII
BREACH OF CONTRACT

134.    The allegations of paragraph 134 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

135.    The allegations of paragraph 135 pertain to Counts VI-IX, upon which judgment

has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

136.    The allegations of paragraph 136 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

137.    The allegations of paragraph 137 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

CLAIM IX<br>BREACH OF CONTRACT

138.    The allegations of paragraph 138 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

139.    The allegations of paragraph 139 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

140.    The allegations of paragraph 140 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

141.    The allegations of paragraph 141 pertain to Counts VI-IX, upon which judgment has already been entered, and to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

PRAYER FOR RELIEF

The Defendants deny that the Plaintiffs are entitled to any of the relief sought in their

prayer for relief (A-P).

JURY DEMAND

The Defendants acknowledge and join in the Plaintiffs' demand for a trial by jury on

all claims and issues so triable.

DEFENDANTS' AFFIRMATIVE DEFENSES

The Defendants assert the following affirmative defenses:

1.  The Complaint fails to state a claim or cause of action upon which relief can be granted in law or equity.

2.  The Plaintiffs' claims fail for lack of personal jurisdiction and lack of proper venue in this district.

3.  There is no likelihood of confusion because the purchasers of the respective products are reasonably prudent purchasers.

4.  There is no likelihood of confusion because the Defendants do not use the term "black ice" as a trademark or in a source-identifying way.

5.  There is no likelihood of confusion because any use the Defendants have made of the term "black ice" was a fair use.

6.  The Plaintiffs' marks are not famous and therefore cannot be diluted.

7.  The Plaintiff's Registration No. 5,437,288, which does not have incontestable status, is merely descriptive and lacks acquired distinctiveness.

8.  Third parties have used similar marks for similar goods, thus the Plaintiffs' alleged trademarks are weak and lack the strength necessary for a finding of likelihood of confusion.

9.  The Plaintiffs' claims are barred by the equitable doctrines of laches, waiver,

estoppel and acquiescence.

10. Defendants reserve the right to raise additional defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiffs' claims. These additional defenses cannot be averred at this time due to the Plaintiffs' failure to properly describe their claims with sufficient particularity in the Complaint.

Dated:  April 2, 2021

Respectfully submitted,

s/Byron A. Bilicki
Byron A. Bilicki, Esq.
Carl A. Hjort, III, Esq.
The Bilicki Law Firm, P.C.
1285 North Main Street
Jamestown, NY 14701
Phone: (716) 664-5600
Email: babilicki@bilickilaw.com
*Counsel for the Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 2, 2021, the foregoing Answer was electronically filed via CM/ECF in the United States District Court for the Northern District of New York, and thereafter electronically served upon:

Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202

Louis Orbach - lorbach@bsk.com
Liza R. Magley - lmagley@bsk.com

Respectfully submitted,

s/Carl A. Hjort, III

Carl A. Hjort, III